## Theodore Romeyn v. Daniel J. Campau.

*Account rendered:· Effect of rejection.* Where the correctness of an attorney's account, for services rendered, was denied by his client and entirely rejected: *Held*, that, in a suit for the same, he is not precluded from showing their full value, regardless of the account so rendered.

*Heard October 8th. Decided October 10th.*

Error to Wayne Circuit.

This was an action to recover the value of services as an attorney.

The declaration was upon the common counts.

The bill of particulars showed services to the amount of $2,650.

The case was tried by the court without a jury, and judgment rendered for plaintiff in the sum of $355.

It appeared, on the trial, that plaintiff had rendered a bill to defendant, purporting to cover all charges, amounting to $355; also that defendant had refused to pay the same.

The main question was whether plaintiff was bound by the sum mentioned in the bill so rendered to defendant.

*James W. Romeyn*, for plaintiff in error.

1. Under the circumstances of this case, as found by the court, the plaintiff should not have been concluded by his account from recovering the value of his services.

2. If the account concluded him as to the value of the specified services, he should have been allowed to show other services omitted in the account, such as the general retainer, and other items, because,

*a.* The account was presented in expectation of immediate payment in cash, and on such understanding.

*b.* The services were, in truth, worth more than the sums charged.

*c.* The account did not in terms profess to set forth all the charges which the plaintiff had a right to make, and which he would have made if he had foreseen that he would have to terminate his professional relations with the defendant, and sue for the value of his services.

The case of *Loveridge v. Botham, 1 Bos. and Pul. 49,* was not argued by counsel. It was not a suit of any kind. It was but an *ex-parte* application to the court by the taxing officer for instruction.

On the other hand, see the cases of *Williams v. Glenny, 16 N. Y. 389; Miller v. Beal, 26 Ind. 234.*

*Walker & Kent,* for defendant in error.

The plaintiff was bound by the amount claimed in his account rendered. — *1 Bos. and Pul. 49; 33 Miss. 667; 12 Ala. 796; 16 N. Y. 389; 26 Ind. 234.*

A receipt in full of an account, though considered only *prima facie* evidence, is conclusive, where neither mistake nor fraud can be shown. — *1 Pet. C. C. 182.*

It can not be impeached by showing that the amounts charged in the account were less than the value of the services. — *4 Wash. C. C. 562.*

A deliberate admission of the correctness of the accounts of an executor by an heir was held conclusive in *Succession of Ross, 1 La. An. 129.*

For cases where admissions are held conclusive on the ground of public policy, see *1 Greenlf's Ev.* § *210.*

GRAVES J.

It appears from the record that prior to the 28th of December, 1867, the plaintiff acted as the attorney and legal adviser of the defendant in error, on numerous occasions, and respecting interests of great pecuniary importance; that a few days before the time just mentioned, he applied to the defendant for the payment of a sum of

money, on account of his services, and informed him that he was then in want of money, when the defendant requested him to send in his account, and stated that he expected to pay all his accounts on the first day of January; that subsequently the defendant desired the plaintiff "to make out his account at a low figure, as he expected to pay the money;" that the plaintiff, on said 28th of December, sent to the defendant an account for services from and including the 21st of January, 1867, to and including the succeeding 21st of December, and amounting to $405, and containing a credit, to be deducted, of $50.

It further appears that the defendant refused to pay the account, and that the plaintiff thereupon brought this action to recover the real value of the services he had actually rendered.

Upon the trial, before the court without a jury, the plaintiff sought to recover for services not specified in the account before mentioned, and also larger prices than were therein charged for services which were there particularized.

The defendant contended that the plaintiff was bound by the account delivered, and that he could not exceed the charges there made.

Upon this subject the findings of the court upon the facts, and the conclusion of law thereon are stated as follows:

"In relation to the account rendered December 28, 1867, I find:

"1st. That the services therein charged were actually rendered at the defendant's request.

"2d. That none of the charges are unreasonably large.

"3d. That the plaintiff, in relation to some of the services rendered, taking into consideration the magnitude of the interests involved, his own experience, ability, and eminence at the bar, would have been fully justified in charging a considerably larger sum than he did charge, and that such services were reasonably worth a larger sum.

"4th. That the account of December 28, 1867, was made out with an expectation of a speedy payment thereof, and with reference to such expectation the charges for services were made low, and lower than they would have been made had legal proceedings been contemplated; but it was not made out as an offer for a compromise, for as yet no question for compromise had arisen.

"5th. That said account was made out and rendered on the part of the plaintiff with the expectation that if paid it would be in full of all professional services and charges against the defendant to the date thereof.

"6th. That there was no evidence tending to prove that there was any mistake or accidental omission in making out said account, and I find the plaintiff charged all he intended to charge.

"7th. The defendant refused to pay the account thus rendered; whereupon the plaintiff brought this action, and now claims, by his bill of particulars and his evidence upon the trial, a very much larger sum for the same services charged in the said account than is there charged; and also claims for professional services for which no charge is there made, and particularly for a general retainer of a date prior to the receipt of January 19, 1867.

"Under the facts thus found, I find, as matter of law, that the plaintiff is precluded, by the account thus made and rendered, from recovering for any services except those therein charged, or beyond the amount therein charged."

The court thereupon awarded judgment for the plaintiff for $355 damages and interest from the rendition of the account, making $365 in all.

It is now urged before us, by the plaintiff in error, that the Circuit Court erred in holding that, as matter of law, the rendition of the account was a bar to his right to recover for any services except those stated in the account, or for any amount beyond that charged therein. It is seen that the court found, as matter of fact, that the services of

the plaintiff were reasonably worth much more than the price stated in the bill rendered; and the correctness of this finding has not been disputed and can not be reviewed.

We have to pass only upon the question of law, raised by the ruling, to which the plaintiff excepted. That the account furnished to the defendant, was legal and persuasive evidence, for the purpose of the trial, of the extent and value of the plaintiff's services, has neither been denied nor doubted; and it is equally certain that it was matter of evidence merely, to be finally weighed and considered by the court in order to ascertain and settle those facts.

It is conceded, on the part of the defendant in error, and correctly, that the delivery of the bill in no manner impaired his right to resist the claim made by it, or any other; and we think that, having denied its correctness and rejected it altogether, and having continued to act in the spirit of such denial and rejection, even to the point of obliging the plaintiff to vindicate his rights by action, the latter was not precluded by law from recovering beyond the services and prices specified in the bill repudiated by the defendant.

As the ruling in question, on the point of law, reduced the recovery below the amount which the court, as matter of fact, found the plaintiff's services to have been reasonably worth, we think it was erroneous, and that the judgment should be reversed, with costs, and a new trial ordered.

The other Justices concurred.