## Andrew Heimbach v. Samuel Weinberg.

*Case made:* *Repeal of law for review of.* Where a case made for review upon the facts appears to have been settled after the law authorizing such review was repealed, the Court cannot consider it.

*Agency:* *Settlement on behalf of father for damages for seduction of daughter.* A daughter who was a minor, having been seduced, the defendant was employed by the father to collect of the seducer damages therefor, and the daughter gave him a power of attorney on the supposition that it was important to enable him to effect the object. He settled with the seducer, on receiving from him his note on time for $125, and an equal amount in cash, and delivered the note to the father, but withheld all knowledge of the receipt of the money, and declared that the note was all he obtained. Suit being brought against him by the father to collect the balance, he defended on the ground that the daughter was the proper plaintiff. It *seems* that on this state of facts, the father was clearly entitled to recover.

*Submitted January 6th. Decided January 11th.*

Case made from St. Joseph Circuit.

This was an action for money had and received. The facts are stated in the opinion.

Judgment was rendered for plaintiff below.

*Wm. L. Stoughton,* for plaintiff.
*Hewitt & Lyon,* and *H. F. Severens,* for defendant.

GRAVES J.

The plaintiff brought an action against the defendant for money had and received, and upon the trial before the court without a jury, the court found the facts to be as follows:

The plaintiff's daughter being under age, was debauched and made pregnant by one Jeremiah Good in this State, and Good afterwards became a resident of Pennsylvania. The plaintiff applied to the defendant, who was going to Pennsylvania, to settle his claim against Good for the seduction and debauching of his daughter, and gave the defendant $25 for so doing. The daughter being still a minor, made her power of attorney to the defendant, authorizing him to make the settlement: the parties supposing this step to be necessary to effect the object. Under such arrangement, the defendant, in January, 1861, settled with Good, for $250 and received at the time $125 in money and the note of Good with security for $125 more, and which note was delivered by the defendant to the plaintiff and paid at maturity by Good to the latter. The defendant concealed from the plaintiff for a long time, his reception of the $125 in money and alleged that he had received the note only. The Court also found that the plaintiff was entitled to a judgment for $142.50 with costs; and judgment was accordingly so entered on the 6th day of February, 1863.

The foregoing presents the facts found; but we observe that all the evidence in the case is also sent up with the findings.

According to the record, by which we are necessarily governed, the case itself was not settled until March, 1868; and although it appears to have been intended that we should review upon the whole evidence, we are precluded from so doing by the circumstance that the record conclusively shows that the case was made after the Act of 1867, (*Laws of 1867, p. 198*) which took away the power to review upon the facts. As this record is constituted, we can only consider the questions of law raised by exceptions to the findings of law and to the rulings upon the points submitted under rule 87 of the rules of the Circuit Court. The only finding of law in the case is, that upon the facts found the plaintiff was entitled to recover $142.50 on the 6th of February, 1863.

There is nothing in this of which the defendant could complain, since the facts found abundantly authorized it.

It is found that the defendant was employed by the plaintiff to obtain for the latter, satisfaction from Good on the plaintiff's claim; that the defendant assumed the agency, and received the money, but concealed from the plaintiff the receipt of it, and alleged that he had received nothing but the note. This note he delivered to the plaintiff; and so far as appears, without having discovered that his conversation with Good could have the effect of cancelling his engagement to his principal, and of relieving him from all accountability to his employer. When he withheld the money and denied its receipt, it could not have occurred to him that he could set the plaintiff at defiance by showing that in acting as his agent and in his business he had so demeaned himself as to preclude the plaintiff from insisting upon his paying the money over.

He must, at that time, have thought that his ability to keep the money depended upon concealment, and not upon the grounds that his doings in Pennsylvania extinguished the rights of his principal. We think he could not repudiate his duty to account to his employer; and that his denying the receipt of the money was tantamount to a refusal to account for and pay it, and precludes him from saying, in answer to the action, that it was not demanded before suit.

Four of the points presented under the rule referred to, related to matters of fact, and the Court responded to them by stating the facts otherwise than as contained in such points; and the rulings upon the remaining points so presented were supported by the facts as the Court had found them.

We therefore discover nothing in the record which would authorize or justify us in disturbing the judgment of the Circuit Court.

The judgment of the Court below must, therefore, be affirmed, with costs.

The other Justices concurred.