## DORAN v. DAVIS.

1. **Jurisdiction:** UNITED STATES DISTRICT COURT: RESIDENCE OF DEFENDANT. Actions not of a local nature, commenced in the United States District Court, must be prosecuted in the division where the defendant, or, if there are more than one, where one of the defendants, resides.

2. ———: ———: PRESUMPTION. It will be presumed, when a judgment in that court is made the basis of an action in another forum, that the court had jurisdiction of the parties, in the absence of affirmative evidence to the contrary.

3. ———: ———: SERVICE. That *service* was not made upon the defendant in the division will not defeat the jurisdiction of the court. It is sufficient if he *reside* in the division.

4. **Indemnity Bond:** APPEARANCE: NEGLIGENCE. The failure of a surety to appear and defend cannot be pleaded in defense of an action by the surety upon an indemnity bond given to protect him as surety, unless such failure was the result of negligence or an appearance would have availed the defendant.

*Appeal from Muscatine Circuit Court.*

WEDNESDAY, APRIL 19.

ACTION upon a bond given to secure plaintiff against liability upon a certain official bond executed by one Keefer, as principal, and plaintiff and Owen Syas, sureties, to the United States, conditioned that Keefer would faithfully discharge the duties of deputy postmaster at Wilton. The petition alleges delinquency on the part of Keefer, as postmaster, and that judgment was recovered on his official bond in the United States District Court, at Council Bluffs, against plaintiff and

Syas, which plaintiff was compelled to pay. The cause was tried to the court without a jury, and judgment rendered for plaintiff; defendant appeals.

*Cloud & Broomhall*, for appellant.

*Hanna & Fitzgerald*, for appellee.

BECK, J.—I. To establish the defalcation of Keefer, as postmaster, and the liability of plaintiff upon his official bond, as well as the compulsory payment of the amount sued for in this action, an authenticated copy of the proceedings and judgment in an action upon the bond prosecuted in the United States District Court, at Council Bluffs, was introduced in evidence. Defendant insists that this record shows that the court had no jurisdiction, and the judgment is, therefore, void.

Suits not of a local nature, brought in the United States District Court of this State, must be prosecuted in the court held in the division wherein the defendant resides. U. S. Rev. Statutes, § 744. Counsel now claim that the defendants in the action on the bond, at the time the suit was instituted, resided in Muscatine county, and not in the division of the district over which the court at Council Bluffs has jurisdiction. Without inquiring into the correctness of their view of the law, it is enough to say that the fact upon which they base their position is not established by the abstract before us. It appears that service of process of the U. S. Court was made upon plaintiff in this action in Muscatine county, and the abstract of defendant may probably be understood to state that proof was offered to the effect that he resided there. But plaintiff claims that this abstract is imperfect, and submits another abstract, the correctness of which is not denied by defendant. This abstract must be taken by us as correct.

1. JURISDICTION: United StatesDistrict Court: residence of defendant.

II. But, conceding that plaintiff did reside in Muscatine county, where the action against him upon the bond was commenced, it does not follow that the United States District Court failed to acquire jurisdiction in the case. The United.

States statute above cited provides that "if there are two or more defendants, residing in different divisions of the district, the suit may be brought in either division." Keefer was a party to the suit on the bond in the United States Court. It is not shown that he did not reside in the Council Bluffs division.

In the face of the record of the judgment, upon which we are required to exercise presumptions in favor of the court's jurisdiction, we will not presume that Keefer did not reside within the proper division; we must rather presume the other way. There is evidence in the abstract that he had resided there; his residence will be presumed to continue until the contrary be shown.

*2. ——: ——. presumption.*

III. It is urged, however, that no service was made upon Keefer. But it is not *service* upon one of the defendants in the proper division that gives the court jurisdiction, but the residence of such defendant therein. The want of service, or the return of the writ not found, will not establish the non-residence of the defendant when the suit was commenced. It raises no presumption which will defeat the jurisdiction of the court.

*3. ——: ——. service.*

We are of the opinion that the evidence fails to support the objection of want of jurisdiction, raised by defendant.

IV. The judgment was by default. Defendant insists that plaintiff ought to have appeared and defended, and having failed to do so, he was negligent and cannot charge defendant with the consequence of his neglect. It is not shown that a defense would have availed anything; on the contrary, we are required to presume that it would not, for the record shows that the claim upon which the judgment was rendered was established upon proof.

*4. INDEMNITY bond : appearance : negligence.*

V. It is lastly urged that a large part of the judgment paid was for costs. But the costs are a part of the judgment from payment of which plaintiff could not escape. There is no principle of law which will relieve defendant from reimbursing plaintiff for his outlay in satisfying the whole judgment.

AFFIRMED.