WILLIAM P. CRAGIN ET AL. v. FRANK O. GARDNER.

*Partnership—Death of one partner before commencement of suit— Amendment of pleadings—Substitution of names of survivors—Review on case made—Findings of fact.*

1. Defendant recovered judgment under notice of set-off in justice's court, in a suit brought by *three* plaintiffs as copartners, who appealed to the circuit court, after which their attorneys ascer-

tained, for the first time, that *one* of the plaintiffs was dead at the time suit was commenced. The circuit court allowed an amendment of the process and pleadings by substituting the surviving partners as plaintiffs, against defendant's objection, and on the trial rendered judgment for the substituted plaintiffs.

*Held,* that the amendment did not change the *identity* of the opposing litigants, the *title* to the *cause* of action being in the surviving partners, and was properly allowed.

2. In a suit by a firm of Chicago merchants to recover an alleged balance due from a Michigan customer for merchandise sold him, he testified to the payment of such balance to plaintiffs' traveling salesman, from whom he purchased the goods, and that such was the usual custom in his vicinity, unless otherwise ordered; that he had made three-quarters of his payments in like manner, receiving credit therefor, and without objection until he ceased dealing with plaintiffs. The circuit judge found that a portion of plaintiffs' bill-heads had printed thereon, in prominent letters, "Pay no money to salesmen or agents," and that the salesman in question was *not* authorized to receive such payment, which was never consented to by plaintiffs, nor received by them.

*Held,* that the facts found supported the judgment rendered for the plaintiffs.

3. In reviewing a case made, the appellate court cannot *weight* evidence, *determine* facts, or *review* the findings of the court below upon questions of fact. (See cases cited in opinion, p. 404.) It is only where there is a *total* want of evidence, or where the finding is contrary to the *undisputed* evidence, that the *facts* found by the trial court can be overturned.

Case made from Oceana. (Russell, J.) Argued November 16, 1886. Decided January 20, 1887.

Assumpsit. Defendant brings error. Affirmed. The facts are stated in the opinion.

*W. E. Ambler,* for appellant.

*Gurney & Stevens,* for plaintiffs.

CHAMPLIN, J. This is a case made after judgment settled and signed by the circuit judge. The case contains all the evidence in the cause, and also a finding of facts by the circuit judge. The suit was commenced in justice's court in the name of William P. Cragin, Edward F. Cragin, and Charles

L. Dudley, copartners composing the firm of Cragin Brothers & Co. Issue was joined in that court, and, upon trial, the defendant had judgment for $11 and costs, under a notice of set-off. Plaintiffs appealed to the circuit, where, by stipulation of the parties, the testimony of Edward F. Cragin was taken in Chicago. Afterwards the deposition was returned and filed, from which it appeared that one of the partners composing the firm of Cragin Brothers & Co. had died after the claim against defendant had accrued, and from an affidavit of one of plaintiffs' attorneys it appeared that this partner, Charles L. Dudley, had died before the commencement of this suit, and that such fact was unknown to the attorneys who instituted the suit. Upon this affidavit, and the records and files, plaintiffs' attorneys moved to amend the process and pleadings in the cause, by substituting the names of William P. Cragin and Edward F. Cragin, surviving partners of the firm of Cragin Brothers & Co., late copartners, doing business in the city of Chicago, in the state of Illinois, in the place and stead of the names and style of plaintiffs then appearing upon the record, and that the plaintiffs might file an amended declaration in said cause in the same form as the declaration then on file, except as to the names of plaintiffs and the character in which they sue. This motion was opposed by defendant, upon the ground that a deceased person could not commence a suit, and therefore plaintiffs had no standing in court; that it would change the issue between the parties from that tried before the justice, and also the parties, and put in issue the question of survivorship, and the amendment was unauthorized by statute. The court took the matter under advisement, and proceeded with the trial of the cause. This was on the thirtieth day of September, 1884. The evidence being all introduced, the cause was submitted to the court for its determination, and afterwards, and on the eighteenth day of April, 1885, the court entered an order—

"That the process, pleadings, and all proceedings in said cause be amended by substituting as plaintiffs therein William P. Cragin, Edward F. Cragin, surviving partners of the late firm of Cragin Brothers & Co., and that this order stand and constitute such amendment. It is further ordered that the deposition of Edward F. Cragin, now on file in said cause, stand as evidence in this cause as amended."

On January 9, 1886, the circuit judge filed his findings of fact and law, and rendered judgment for the plaintiffs for $44.32 damages, and costs, except attorney's fee, which he allowed to neither party.

The first question raised by the assignments of error is as to the legality of the order allowing the amendments. How. Stat. § 7635, subd. 9, allows amendments for any mistake in the name of the party or person. The amendment did not operate to change the identity of the opposing litigants. The title of the cause of action was in the surviving partners. Debts due to the firm accrue to the surviving partners, who have a right, as such, to bring suit to enforce payment. No substantial right of the defendant was affected. It is clear that the right of action was in the two surviving partners, and, in such a case as this, the law permits the record to be amended by inserting the true name of the misnamed party. *Kimball & A. Manuf'g Co. v. Vroman*, 35 Mich. 310.[1]

There has been, in fact, no change of parties here. The debt or contract was between the firm of Cragin Brothers & Co. on one side, and defendant on the other. The death of one of the partners does not change the contract. The debt

---

[1] The superintendents of the poor of Newaygo county commenced a suit by summons, in the circuit court of that county, in their *individual* names with the addition of their corporate name, and declared in such corporate name with the addition of their individual names. The defendant moved to quash the summons for the reason that How. Stat. § 8213, provides that such actions shall be brought in such corporate name, without naming the persons holding such office; and plaintiffs made a cross-motion to amend the summons and declaration by striking out such individual names, which motion was denied, and the motion to quash taken under advisement. The Supreme Court granted a *mandamus* to compel such amendment (April term, 1888; no opinion filed).

is still due the firm, and the surviving partners are the proper parties to a suit to collect it. The deposition taken before the amendment was, for a like reason, admissible in evidence, with other testimony, to establish the cause of action.

The plaintiffs claimed, and their evidence tended to establish, a balance due the firm from defendant of $38.12. The defendant claimed, and his testimony tended to establish the facts, that there was an overcharge in plaintiffs' account of $1.87, and that he paid the balance, $36.65, to the plaintiffs' agent and salesman, whose name was George E. Kifer, being the same person with whom he dealt, and of whom he purchased the goods. He also testified that it was the usual custom—universally, so far as he knew, at Pentwater, and along the eastern shore of Lake Michigan—for dealers to pay agents they purchase of, unless expressly ordered not to do so by the firm, and that he made three-quarters of the payments to the agents and salesmen of plaintiffs, and no fault was found until he stopped dealing with them, and the credits had all been acknowledged except the item of $36.65, and the small overcharge allowed at the time. The plaintiffs gave evidence tending to show that they never authorized their salesmen to collect money due the firm, and never authorized any one to collect the money due them from defendant; that there was printed upon the bill-heads of goods sold to defendant these words, " Pay no money to salesmen or agents." The defendant denied that the bill-heads received by him contained any such warning. The circuit judge found, as facts from the testimony submitted, that a portion of the bill-heads used by the firm of Cragin Brothers & Co. had thereon, in prominent letters, " Pay no money to salesmen or agents," and that the salesman to whom defendant paid the money was never authorized to receive the same by plaintiffs, or Cragin Brothers & Co., and that said plaintiffs and Cragin Brothers & Co. always refused to permit any of their traveling salesmen to collect any money on their ac-

count, and never received the money paid by defendant to the salesman, and never consented to the payment thereof. It is well settled that we cannot, in reviewing a case made, weigh evidence, determine facts, or review the findings of the court below upon questions of fact. *Heimbach v. Weinberg,* 18 Mich. 48; *In re Wisner Estate,* 20 Id. 128; *Schmidt v. Miller,* 22 Id. 278; *Walrath v. Campbell,* 28 Id. 123; *Earle v. Westchester Fire Ins. Co.,* 29 Id. 414; *Grand Rapids v. Whittlesey,* 32 Id. 192; *Peabody v. McAvoy,* 23 Id. 526; *Tuxbury v. French,* 39 Id. 190; *Chatterton v. Parrott,* 46 Id. 432; *Wertin v. Crocker,* 47 Id. 642.

It is only where there is a total want of evidence, or where the finding is contrary to the undisputed evidence, that we can overturn the facts found by the court. In this case there was testimony to support each fact found by the circuit judge, and the facts so found support the judgment rendered by him. Upon this record, we cannot do otherwise than to affirm the judgment, and it is so ordered.

The other Justices concurred.