ANDREW J. LAMOREAUX v. NICHOLAS CREVELING, ADMINISTRATOR OF THE ESTATE OF LYMAN D. SWAN, DECEASED.

*Adverse possession—Waiver—Findings of fact.*

1. Where there is testimony tending to support findings of fact, the appellate court is not authorized to go into the testimony for the purpose of ascertaining whether or not it would have reached the same result upon the facts.

2. A defendant in ejectment, in support of his claim of title to the land in dispute by adverse possession, introduced testimony tending to show that the land had been inclosed as a part of his farm by a line fence for more than the statutory period; that during that time he had cut wood on said land, and performed other acts indicating ownership, and tending to show

occupancy up to the line of the fence. And it is held that said testimony tended to establish the adverse possession claimed; citing *Greene v. Anglemire*, 77 Mich. 168; *Sanscrainte v. Torongo*, 87 Id. 69.

3. A parol agreement, made by the defendant after he had acquired such title, that he would in the future unite with the adjoining land-owner, who claimed to own the disputed piece of land, in having a survey made to determine the true division line, will not—certainly, until such agreement is acted upon, and the line actually established—divest the defendant of his title; citing *Burns v. Martin*, 45 Mich. 22.[1]

Error to Kent. (Adsit, J.) Argued November 2, 1894. Decided January 4, 1895.

Ejectment. Plaintiff brings error. Affirmed. The facts are stated in the opinion.

*Frank G. Holmes* (*Henry J. Felker*, of counsel), for appellant.

*Frank A. Rodgers* (*M. L. Dunham*, of counsel), for defendant.

MONTGOMERY, J. Plaintiff and the deceased, Lyman D. Swan, were owners of adjacent parcels of farm land. Plaintiff sued in ejectment for a small, triangular piece, which he claims to have shown to be a part of the government subdivision owned by him. Judgment was entered for the defendant, and, the proceedings having been revived in the name of the administrator, the case comes before us on exceptions to the findings of fact and law.

It appears that a fence has been maintained, which has inclosed the land in dispute with that of Swan, for many years, and the circuit judge held that defendant had acquired title by adverse possession. The plaintiff contends

---

[1] For adverse possession in case of ignorance or mistake as to boundary, see note reviewing the conflict of decisions with the case of *Preble v. Railroad Co.*, 21 L. R. A. 829.

that the testimony did not warrant the court in making this finding of fact. The testimony offered by the defendant was that of himself and his son, George Swan. The latter testified that he had known the farm for 28 years, and that the fence was used as a line fence; that wood had been cut on the strip in question by defendant, at different times, for about 24 or 25 years; that the witness could not remember when the fence was built, but that he could remember that it had been built for about 28 years. The defendant himself testified that he went upon this land in 1863; that he commenced building the fence not a great while after he bought the place; and that he had used the land to cut wood on,—and testified to other acts indicating ownership, and tending to show occupancy up to the line of the fence. We cannot say that this testimony had no tendency to show adverse and hostile possession of the land in question. *Sanscrainte v. Torongo,* 87 Mich. 69; *Greene v. Anglemire,* 77 Id. 168.

But plaintiff insists that defendant's occupancy should not be held to be adverse for the reason that the plaintiff's testimony tended to show that defendant admitted that the line was in dispute, and promised to join with plaintiff in a survey to have the true line established. The plaintiff offered testimony tending to show that, some 6 or 7 years before the trial, such a conversation occurred between the plaintiff and defendant. This is said, in plaintiff's brief, to have been undisputed. But, on the examination of defendant, he was asked the following question:

"Lamoreaux has said that you said to him a good many times, within the last 6 or 7 years, that you would have a surveyor come and find the line, and put the fence there. Is that so?

"*A.* No, sir; I never said any such thing. I never built any other fence between plaintiff and myself than the one

in question.  It is the same old brush fence.  There has been no other fence there for the last 30 years."

From this testimony it would appear that, at the most, it was a question of fact for the court as to whether defendant had acknowledged plaintiff's claim to the strip in question.  But at the date of this conversation the fence had been in existence, according to defendant's testimony, and treated as a boundary line, for the statutory period. If defendant had acquired a title to the land by adverse possession, a parol agreement that he would in the future join in having a survey made to determine the true line would not—certainly, until such agreement was acted upon, and the line actually established—divest him of his title, whatever might have been the effect of a completed arrangement.  The question is ruled by *Burns v. Martin,* 45 Mich. 22.

There being testimony in the case tending to support these findings of fact, we are not authorized to go into the testimony, to ascertain whether we would reach the same result upon the facts; and, as the finding is conclusive of the plaintiff's rights, it is unnecessary to discuss the other questions involved.

The judgment will be affirmed, with costs.

The other Justices concurred.