·WRIGHT v. ST. LOUIS SUGAR CO.

1. CORPORATIONS—CONTRACTS—VALIDITY—NONPAYMENT OF FRAN-
CHISE FEE—ESTOPPEL—RIGHT OF ATTORNEY TO ASSERT.
   The general attorney of a corporation cannot assert an estoppel
   against its claiming the invalidity of a contract made with him
   before its franchise fee was paid (section 8574, 3 Comp. Laws),
   since as general attorney he must have known that the fee
   was not paid, and that the contract relied upon was invalid.

2. SAME — LIABILITY — SERVICES PERFORMED BEFORE ORGANIZA-
TION.
   A corporation is not liable for services performed for it before
   its organization unless it ratifies the employment after or-
   ganization.

3. EVIDENCE—ADMISSIONS—REJECTED ACCOUNT.
   Where a statement of account for services rendered is entirely
   rejected, plaintiff is not bound by it, but may prove and
   recover on trial the actual value of the services.

4. APPEAL AND ERROR—REVIEW—QUESTIONS OF FACT.
   In an action for personal services, an allowance supported by
   evidence is conclusive on error.

Error to Gratiot; Stone, J. Submitted November 14,
1906. (Docket No. 156.) Decided December 3, 1906.

Assumpsit by James K. Wright against the St. Louis
Sugar Company for work and labor. There was judg-
ment for plaintiff, and defendant brings error. Modified
and affirmed.

C. W. Giddings and Kelly S. Searl (Diekema & Kol-
len, of counsel), for appellant.

T. W. Whitney, for appellee.

CARPENTER, C. J. Plaintiff is an attorney and brought
this suit to recover for professional services rendered for
defendant. In the lower court, the suit was tried with-

out a jury.   A finding of facts was made, and judgment rendered in favor of the plaintiff for $249 and interest thereon since March 1, 1903.   From this finding it appears that among the items allowed plaintiff was $90 for securing options for the site of defendant's manufactory, and $15 for securing an option for the right of way for a side track.   From said finding and accompanying bill of exceptions, it appears that all the services in securing these options—except services worth $10 for securing one option—were performed prior to the organization of the defendant corporation, and the important question for our determination is whether or not defendant is liable for such services.

For the information of those concerned in this litigation, we say that in making the foregoing statement, we fix February 26, 1903, as the date of the organization of the defendant corporation.   This was the date of the first meeting of its board of directors.   Defendant cannot complain because no later date is fixed, for it asked the trial court to take that date in determining its liability for these services.   Plaintiff cannot complain because no earlier date is fixed, for this is several days earlier than the articles of incorporation were acknowledged and filed.   In this connection it is proper to say that, except for the position of defendant above stated, we would be forced to hold that all contracts made by defendant with plaintiff before the payment to the State of the franchise fee—and this we must presume was not paid until the articles of incorporation were filed—are void.   Section 8574, 3 Comp. Laws, so provides.   See, also, *Rough v. Breitung,* 117 Mich. 48; *Hastings Industrial Co.* v. *Moran,* 143 Mich. 679.   In making this statement it is not our purpose to deny that a corporation making contracts before payment of the franchise fee may not under any circumstances be estopped from asserting the invalidity of such contracts. What we decide is that the principle of estoppel cannot be invoked by plaintiff.   He was the general attorney of defendant, and it must be presumed that he knew that the

franchise fee had not been paid, and therefore that the contract relied upon was unlawful.

Plaintiff's counsel urge that the allowances under consideration should be sustained on the ground that defendant after its organization ratified plaintiff's employment. They cannot be sustained on that ground. They were allowed, not because of such ratification—for there is no finding of ratification—but on the ground that defendant was "organized and doing business prior to February 26, 1902, and that prior to that date defendant employed the plaintiff's professional services in procuring options for its site and in securing right of way for a railroad side track."

Moreover, it is not clear that the evidence warranted a finding of ratification. I am inclined to think that that evidence merely shows that defendant accepted and received the benefit of plaintiff's work. It is doubtful if this affords evidence of ratification. See *St. John's Manfg. Co.* v. *Munger*, 106 Mich. 90 (29 L. R. A. 63).

Deciding this question, then, as we must, upon the assumption that defendant did not ratify the contract to employ plaintiff, we are forced to the conclusion that the items under consideration should have been disallowed. As the defendant corporation was not in existence when the services were performed, it is clear that it did not contract to pay them (see opinion of Justice GRANT in *Sullivan* v. *Railway*, 135 Mich. 661 [64 L. R. A. 673]. See, also, *Western Screw & Manfg. Co.* v. *Cousley*, 72 Ill. 531), and, even if it did, that contract, as heretofore stated, was void under section 8574, 3 Comp. Laws.

Defendant contends that an item of $50, allowed plaintiff for a retainer, comes within the foregoing principle. This contention we overrule. We cannot say that this item was not justly chargeable under a contract made after defendant's incorporation.

It is contended that the amount of other items should be reduced because they were allowed for a larger amount than was claimed by plaintiff in an itemized statement

presented by him to defendant before suit was commenced. This contention is answered by *Romeyn* v. *Campau*, 17 Mich. 327, and must be overruled.

Complaint is made that the court made excessive allowance for other items. It is sufficient to say that this allowance was justified by the evidence, and cannot be reviewed by us. *Lamoreaux* v. *Creveling*, 103 Mich. 501.

Judgment was entered for $249. It should have been $239 (that was the amount found due plaintiff by the trial court). This error should be corrected.

The judgment should also be modified by deducting $95 (the aggregate of the items improperly allowed), and as so modified it should be affirmed.

Defendant will recover the costs of this court, and plaintiff the costs of the circuit court.

MONTGOMERY, OSTRANDER, HOOKER, and MOORE, JJ., concurred.