HOLCOMB *v.* SAYERS.

1. BILLS AND NOTES — CHECKS — HOLDER IN DUE COURSE — GOOD FAITH.

   Where plaintiff took for collection defendants' check given to the vendor of a horse purchased by defendants, and being a creditor of the vendor and holding his mortgage on the animal and on other property to secure it, gave him $50 in cash, and credit for the remainder of the check, but retained the mortgage lien on the horse, etc., plaintiff was not entitled to recover on the check as a holder in due course; and defendants were entitled to defend against an action on the check upon the theory that they had been defrauded and had rescinded the sale by returning the animal.

2. APPEAL AND ERROR — TRIAL BY COURT WITHOUT JURY.

   Findings of fact made by the court without a jury can only be overturned if there is a total want of evidence to support them or if they are contrary to the undisputed evidence.

Error to Superior Court of Grand Rapids; Stuart, J. Submitted October 15, 1912. (Docket No. 67.) Decided December 17, 1912.

Assumpsit by Martin H. Holcomb against Frank P. Sayers and another for the amount of a check. Judgment for defendants. Plaintiff brings error. Affirmed.

*Colin P. Campbell,* for appellant.

*William B. Brown,* for appellees.

KUHN, J. This case was tried before the judge of the superior court of the city of Grand Rapids, who made the following findings of fact and of law:

" (1) That on May 11, 1910, the defendant Edwin F. Sayers, of Grand Rapids, went to the residence of one John B. Bagley, who lived about two miles from the village of Pierson, in Montcalm county, for the purpose of buying a horse.

" (2) That on being shown the horse said Sayers was pleased with its appearance, and, after driving it about a little to try its wind, he stated to Mr. Bagley, in substance, that, if the horse was all right in every way, he would take it at the price demanded, namely, $125, and, on being assured by said Bagley that the horse was 'in every way right,' he purchased the horse then and there, and gave him the check of defendants for $125 in payment to said Bagley.

" (3) That said defendant Edwin F. Sayers then and there relied upon the statement of said John B. Bagley that said horse was 'in every way right' in making the purchase of said horse.

" (4) That said horse was brought to Grand Rapids on May 12th, and on the morning of May 13th defendant noticed that the horse could not eat hay, and thereupon they had an examination made of said horse, and found that the horse had decayed molar teeth, which were decayed down to the gums so that the horse could not masticate hay or such foods, and that the horse was not 'in every way right.'

" (5) I find that, by reason of said defect in his teeth, the said horse was not fit for the use for which he was purchased, and would require special feed and care in order to be of any service, and that he was practically valueless to defendants.

" (6) I find that said horse was on May 16th returned to plaintiff's barn on his premises near Pierson, and a written statement was left with Mr. Bagley's wife that the horse was of no value to defendants, as he could not eat hay, and said horse was put into the barn by permission of plaintiff's wife, and left there, and has been retained by plaintiff ever since, or at least, has never been returned to defendants.

"(7) I find: That said Bagley after receiving said check on May 12th indorsed his name on the back of it and took it to the plaintiff, his near neighbor at Pierson, and handed it to him for collection. Plaintiff often acted as banker for his neighbors in the village and attended to such matters, as there was no regular bank in that village, and the plaintiff had loaned money to said Bagley, and had dealings with him prior to this time, and at this particular time held a loan against Bagley for about $140 secured by a chattel mortgage upon this horse in question and some other property.

"(8) That on the following day said Bagley, learning that plaintiff was about to leave the village for an absence of some time, went to plaintiff, claiming that he wished to buy another horse perhaps before he returned, and obtained $50 from him for such purpose, although he had no other horse at that time in view for purchase, and told plaintiff that he could apply the balance of the check, amounting to $75, on the note and chattel mortgage above mentioned, but no papers passed between them as to this transaction.

"(9) Bagley did not inform defendants that there was a chattel mortgage on the horse, and said horse was not released from said chattel mortgage and plaintiff has renewed the chattel mortgage, including said horse, since the date of said transaction between Bagley and defendants.

"(10) Said Bagley knew before he sold the horse to defendants that he was unable to masticate hay, but did not mention this fact at the time of the sale of the horse, and his representations that the horse was 'in every way right' were false and fraudulent.

"(11) The plaintiff did not purchase the check at the time it came into his possession or give any consideration for it, but simply took it to act as banker for said Bagley in collecting it.

"(12) That said Bagley is irresponsible pecuniarily and has lost nothing by the transaction, having had the horse restored to him promptly in as good condition as it was taken from him, and the plaintiff will not suffer loss by the transaction, as he is secured for his loan to said Bagley.

" Under all these circumstances I find, as a matter of law, that the plaintiff is not entitled to recover, and that a judgment be entered for the defendants of no cause of action, with costs."

In paragraph 6 of the findings, instead of the word "plaintiff," in each instance, there should appear " Bagley."

The questions involved in this appeal are stated by counsel as follows:

" *First.* The court should have excluded the testimony of Edwin F. Sayers regarding his transaction with Bagley until notice or its equivalent had been shown to have been

brought to plaintiff, and until it had been shown that plaintiff did not part with value.

"*Second.* That the findings do not support the judgment.

"*Third.* Was there any infirmity or defect in Bagley's title?

"*Fourth.* Plaintiff was a bona fide purchaser for value without notice."

The court found that the plaintiff was not a bona fide purchaser for value without notice, and that he simply acted as a banker for Bagley in collecting the check. In this case, we cannot weigh evidence, determine facts, or review the findings of the court below upon questions of fact.

This finding can only be overturned in case there should be a total want of evidence to support it, or in case it is contrary to the undisputed evidence. *Cragin* v. *Gardner*, 64 Mich. 399 (31 N. W. 206); *Lamoreaux* v. *Creveling*, 103 Mich. 501 (61 N. W. 783); *Hindman* v. *Friedrich*, 163 Mich. 655 (128 N. W. 1086). In the instant case we are unable to say that the findings of the judge are not supported by evidence, and we are of the opinion that the facts found support the judgment rendered by him.

Judgment is affirmed.

MOORE, C. J., and STEERE, McALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.