FIDELITY & DEPOSIT CO. OF MARYLAND *v.* HIBBLER.

1. APPEAL AND ERROR—FINDINGS OF FACT—QUESTIONS REVIEW-ABLE.

   Unless there is no evidence to support a finding of fact made by the circuit court in trying a case without a jury, or unless the finding is contrary to the undisputed evidence, this court will not review it.

2. INDEMNITY—PRINCIPAL AND SURETY—CONSTRUCTION OF CONTRACT—BOND.

   Where plaintiff as surety executed a bond to secure the performance of a building contract, and the principal in the bond defaulted, the plaintiff, which paid the liability in good faith, was entitled to maintain an action against a third party who had agreed to indemnify the plaintiff corporation against any loss, although it had not availed itself as a defense of a clause in the bond requiring suit to be brought within six months after default, defendant's agreement containing a clause that the surety company should be reimbursed for any and all sums paid by it in good faith under the belief that it was liable or that the expenditure was necessary or expedient.

3. SAME.

   A contract of indemnity is to be interpreted so as to cover any loss or liability which the parties reasonably appear to have intended it to include, but not such as are expressly excluded or of such a character that it can reasonably be inferred that they were not intended to be within the agreement.

Error to Wayne; Hally, J. Submitted June 5, 1913. (Docket No. 37.) Decided November 3, 1913.

Assumpsit by the Fidelity & Deposit Company of Maryland against William H. Hibbler and Frank B. Hibbler for a loss sustained under an indemnity bond. Judgment for defendants. Plaintiff brings error. Reversed.

*Carey, Armstrong & Weadock,* for appellant.

*Bernard Goldman* and *A. B. Hall,* for appellees.

KUHN, J.   The defendant William H. Hibbler, a building contractor in the city of Detroit, being required in the conduct of his business to furnish contractors' bonds, made an arrangement with the plaintiff company to execute such bonds for him as surety, and if the company suffered loss it was to be reimbursed by him and Frank B. Hibbler, his brother. In February, 1906, the plaintiff executed a bond as surety for William H. Hibbler in favor of William H. J. McPharlin and wife, with whom Hibbler had made a building contract to build a double frame house to be completed by May 1, 1906. Hibbler defaulted on this contract, and suit was brought against him and the company on the bond. The cause was tried in the circuit court, and subsequently was carried to this court, the case being reported in 162 Mich. 141. It resulted in a judgment in favor of the McPharlins in the sum of $1,575.76, which was subsequently paid by the plaintiff company. This action was brought upon the indemnity agreement to recover the $1,575.76 and $165.71, disbursements for attorney's fees and other expenses. William H. Hibbler defaulted in the proceedings below, and judgment in full was taken against him, and he does not appear in the present proceedings. The cause was tried before the court without a jury, and the court entered a verdict of no cause of action because it was claimed that Frank B. Hibbler was released from the indemnity agreement by reason of a waiver by the plaintiff company of a provision in the McPharlin bond which provided that all suits thereon should be begun within six months after the first breach of the building contract.

Some controversy is had in the briefs of counsel as to when the first breach of the building contract oc-

curred. The circuit judge, in his findings, determined it to be on May 1, 1906, the date fixed in the contract for the completion of the house. This finding will not be reviewed by this court. We cannot weigh the evidence nor determine the facts nor review the findings of the court below on questions of fact, unless there is a total want of evidence, or where the finding is contrary to the undisputed evidence. *Cragin* v. *Gardner*, 64 Mich. 399 (31 N. W. 206); *Lamoreaux* v. *Creveling*, 103 Mich. 501 (61 N. W. 783); *Holcomb* v. *Sayers*, 173 Mich. 238 (138 N. W. 1043). It is undisputed that the house was not completed on May 1, 1906, and the record shows no extension given beyond that time.

On November 30, 1906, the plaintiff's vice president wrote to the local representative of the company in Detroit:

*"Gentlemen:*

"I have your letter of the 27th inst., regarding the contract of Wm. H. Hibbler with the McPharlins.

"You are authorized to notify the latter that our company will not exercise the privilege reserved in the bond to complete the same, and we shall expect them to have it completed at the lowest possible expense.

"A copy of your letter to the McPharlins should be sent to our underwriter, Frank B. Hibbler."

When this letter was sent, more than six months had elapsed since the breach of the contract, and it is contended that the waiver of this condition by the company did not bind the underwriter Frank B. Hibbler, because his consent was not obtained. Whether this position is well taken does not become important, in view of the provisions of the indemnity agreement itself, given by the defendants to the plaintiff. This contained the following provisions:

*"Second.* The parties of the first part shall at all times indemnify, and keep indemnified, and save

harmless the surety company from and against any and all loss, damages, costs and expenses of whatever nature or kind which it shall or may, at any time, sustain, incur, or be put to, for or by reason or in consequence of its having given and executed any such instrument or instruments on behalf of the contractor, including disbursements, costs and counsel or attorney's fees incurred in collecting a premium or a loss sustained on any such instrument, and shall reimburse the surety company for any and all moneys, with legal interest thereon, advanced or loaned by it to the contractor for the purposes of any contract or contracts; and for all costs, counsel fees and expenses which it may incur in investigating any claim made thereunder, or investigating any application for advances or loans, or in prosecuting or defending any action, suit or other proceeding which may be commenced or prosecuted against the contractor, or against the surety company, upon any such instrument or instruments, or in any wise relating thereto. The parties of the first part further agree that in any accounting which may be had between them and the surety company, the surety company shall be entitled to charge for any and all disbursements in and about the matters herein contemplated made by it in good faith, under the belief that it is or was liable for the sums and amounts so disbursed, or that it was necessary or expedient to make such disbursements, whether or not such liability, necessity or expediency existed.

"It is understood and agreed, however, that the liabilities of the said parties of the first part shall not be changed or altered by reason of any modification made, either before or after execution by the parties thereto in any of the terms or conditions of any contract or contracts referred to in any instrument or instruments now or hereafter executed or procured by the surety company. * * *

"And the said parties of the first part hereby waive all notice of any default or defaults, or any other act or acts, giving rise to any claim under any such instrument or instruments given by the surety company on behalf of the contractor as aforesaid, or of any and all liability on the part of the parties of the first part, as well as notice of any and all liability of

the surety company under any such instrument or instruments executed by it as surety, to the end and effect that the parties of the first part shall be and continue liable to the surety company hereunder, notwithstanding any notice of any kind to which the parties of the first might have been or be entitled, and notwithstanding any defense they might have been or be entitled to make.  *  *  *

"And this agreement of indemnity, shall be liberally construed, so as to fully protect and indemnify the surety company."

In construing contracts of this kind, the rule has been laid down as follows:

"A contract of indemnity should be construed so as to cover all losses, damages, or liabilities to which it reasonably appears to have been the intention of the parties that it should apply, but not to extend to losses, damages, or liabilities which are neither expressly within its terms nor of such character that it can reasonably be inferred that they were intended to be within the contract." 16 Am. & Eng. Enc. Law (2d Ed.), p. 173.

Applying this rule of construction to this agreement, it seems to have been the intention of the parties to make an agreement which was to be an absolute undertaking by the defendants, the indemnitors, to reimburse the plaintiff, the indemnitee, for any loss sustained by it in connection with William H. Hibbler. There is no question but that the plaintiff acted in good faith. When its liability was established it paid its loss, and, under the agreement which the defendants made with it, it should now be reimbursed. The trial judge should have so found.

The judgment of the trial court is reversed, and a new trial granted.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, STONE, OSTRANDER, and BIRD, JJ., concurred.