Argued June 26, reversed September 25, 1928.

Z. J. RIGGS *v.* NEW JERSEY FIDELITY & PLATE GLASS CO. OF NEWARK, NEW JERSEY.

(270 Pac. 479.)

408

For appellant there was a brief and oral argument by *Mr. Walter C. Winslow.*

For respondent there was a brief and oral argument by *Mr. E. L. McDougal.*

BEAN, J.— A third amended answer was filed by defendant. Motions to strike a portion of the former answers were interposed by plaintiff and the ruling thereon assigned as error. As the pleadings to which the motions were directed have been superseded by an amended answer and are no longer a part of the record, we cannot consider this assignment. Plaintiff interposed a demurrer to defendant's third amended answer, which the trial court overruled and which ruling is assigned as error.

■ Before noticing the allegations of the answer, it may be stated that the rule appears to be in such

cases, of the alleged failure to co-operate by an insured in the defense of an action against him, controlled and conducted by a company who has issued a policy agreeing to protect the insured against loss by virtue of accidents with his automobile, it should be shown that the failure to co-operate affected the verdict or judgment in the original damage action: *Taxicab Motor Co.* v. *Pacific Coast Cas. Co.*, 73 Wash. 631 (132 Pac. 393, 396).

In *Rohlf* v. *Great American Mut. Indemnity Co.*, 27 Ohio App. 208, 215 (161 N. E. 232, at page 234), in discussing a case similar to the one in hand, we find the language: "If the accident happened under the circumstances stated by Chapman when interviewed in Toledo, there was a perfect defense to the claim made by Rohlf." Under the policy involved in that case, the company assumed liability directly to the party injured where a judgment was rendered against the insured and the execution was returned unsatisfied. This case is cited by defendant and plainly indicates that, to commence with, the defendant in the original action for damages should have a defense, at least in part, and that any failure to co-operate on the part of the insured in defending the action must tend to affect the result thereof.

There is no averment in the answer that Jeanette Waller did not have a valid claim and cause of action against Riggs, the insured, in her case against him. If she did, then it was immaterial whether Riggs permitted her to institute an action against him or not. There is no averment that he could prevent her from so doing. The allegation that Riggs "believed himself to be free from any negligence because of the accident" is no part of a defense.

Irrespective of his belief, it was for the court and jury to determine that matter and not for Riggs. It is averred that Riggs "agreed," but the answer does not show that he "agreed" to anything material. Standing by itself, this does not amount to an allegation of a fact. It is alleged in the answer "that the plaintiff failed to persuade and prevail upon said Jeanette Waller not to institute action." It is not shown that there was any reason for her not bringing such action, or that Riggs could prevail upon her not to do so.

It is alleged in the answer that plaintiff "failed to render co-operation and assistance to the defendant, but on the contrary took no step to obtain the presence at the trial of one of the important witnesses, Williams." It is not indicated in the answer that in the trial of the damage action of *Waller* v. *Riggs* plaintiff did not furnish the defendant company with all of the information that he possessed in regard to the facts of the case, or that the defendant's attorney did not know about the witness, Williams, and could have subpoenaed him in the customary manner. There is no averment of fact that he failed in any other manner. It is noticed, in this connection, that no mention is made in regard to the witness Williams in the testimony in the trial of the case.

It is averred in the answer that plaintiff, during the progress of the trial further gave out the information to the press, so that it was published in the papers of Salem, Oregon, during the progress of the trial, that the said Jeanette Waller's action was being defended by the insurance company representing the plaintiff herein, and this plaintiff further stated that but for the fact that he was insured,

the action of Jeanette Waller would not have been instituted against him. There is nothing to indicate that this matter alleged was anything more than an excuse on the part of Riggs for having litigation with his mother-in-law. It is not averred that the jury ever knew about the same or that it affected the trial or result of the case: *United States Fidelity & Guaranty Co.* v. *Williams,* 148 Md. 289 (129 Atl. 660, 667).

It is also averred that plaintiff "evinced the hope to defendant's attorney herein during the progress of the trial that said Jeanette Waller would recover from the defendant."

■ This allegation is sufficient to raise a suspicion on the part of the company, as against Riggs, and the other allegations referred to may amount to innuendos which, taken with the averment of substantive facts, might serve as coloring matter in the case. In order for the answer to constitute a defense it would show that the assured failed, in some substantial or material particular or particulars, to co-operate with and assist the company in the defense of an action for damages covered by the policy, so that apparently the trial resulted in a judgment which was in whole or in part wrong, or, in other words, that the interests of the defendant company were prejudiced in the defense of the personal injury action.

Defendant does not allege that plaintiff admitted liability to Jeanette Waller, or that he failed to "render to the company all possible co-operation and assistance" in the defense of the damage action. The defendant's proof in the case is no stronger than the answer. The defendant's attorney testified as a

witness for the company, but he failed to mention any instance where plaintiff was requested to do anything in connection with the defense of the Waller action, which he failed to do.

■■ The main question in the damage action was whether there was a "liability imposed by law" upon the assured (Riggs) for damages "accidentally suffered" by Mrs. Waller in the automobile accident mentioned. It appears that the Junor action was tried first, and the answer of defendant suggested that Riggs changed his belief as to his liability after the trial of the Junor case. It is not sufficient for the defendant to allege that plaintiff failed to co-operate without setting out wherein he failed. It is not a complete defense for defendant to allege that plaintiff "breached the condition of the policy contract" without an averment of the facts showing such breach: *Pearson* v. *Richards*, 106 Or. 78 (211 Pac. 167; *Almada* v. *Vandecar*, 94 Or. 515 (185 Pac. 907). The fact that Riggs considered he was liable for damages caused in the automobile accident and requested the company to settle with Mrs. Waller without litigation would not militate against him in this case.

See, also, *United States Cas. Co.* v. *Drew* (C. C. A.), 5 Fed. (2d) 498, a case where the insured's son's wife, while riding with him in the automobile, was killed in a collision with a railroad train. The son brought action against the father for damages for negligence. The insurance company was notified of the action and defended. The trial resulted in a judgment against the defendant for $13,099.50. The company gave notice that it denied liability. The insured executed a note to his son in payment of the judg-

ment. Thereafter the insured obtained a judgment against the insurance company in the amount of the policy. Error was assigned on appeal on account of the giving of the note, and for refusal to instruct for the company. Judge GILBERT said:

"Reference is made to testimony of one of the attorneys who were conducting the defense in that court, who said that the defendant in error never spoke to him about the case during the entire trial, and never assisted him. But he did not testify that he ever called upon the defendant in error for assistance, nor did he testify to anything that the latter could have done to assist him. Nor do we think that evidence of bad faith or lack of cooperation is to be found in the fact that in the action in the state court the attorney for the plaintiff was the plaintiff's brother, or in the fact that the railroad company was not made a party defendant in that action; the insurance company's attorneys having, as they did, sole charge of the defense."

See, also, *Francis* v. *London etc. Co.*, 100 Vt. 425 (138 Atl. 780, 781); Berry on Automobiles (4 ed.), p. 1607, § 1886; 14 R. C. L. 63, § 21.

The demurrer to the answer should have been sustained.

■ It appears from the record that the trial court treated the allegations of the answer, as those of facts showing a breach of the condition of the policy and instructed the jury, that if they should find from the testimony in the case that the plaintiff failed to render all possible co-operation to the defendant in the case which Mrs. Waller brought against the plaintiff in this case, then their verdict should be for the defendant. The instruction was proper if there had been allegations of fact supported by proof upon which to base the same.

■ It is the law that in order for an indemnitee to be entitled to recover upon the idemnity contract he must fully perform all conditions which by the terms of the contract are conditions precedent to any liability on the part of the indemnitor: 31 C. J., p. 442, § 40.

■ The rule is stated generally that, in order that any matter may be set up as a defense to an action on a contract of indemnity, it must be germane to the cause of action pleaded and present a legal reason why the indemnitee should not recover. It is a good defense that the indemnitee has not complied with the essential conditions of the contract. It has been held to be no defense to an action by an indemnitee against an indemnitor that he failed to appear and defend a suit unless such failure was the result of negligence or an appearance would have availed the indemnitor: 31 C. J. 459, § 59; *Doran* v. *Davis,* 43 Iowa, 86; *Fidelity & Dep. Co. of Maryland* v. *Hibbler,* 177 Mich. 490 (143 N. W. 604).

■ Where the indemnitor is notified of the pendency of an action against the indemnitee in reference to the subject matter of the indemnity and is given an opportunity to, and does defend such action, the judgment in such action, if obtained without fraud and collusion, is conclusive upon the indemnitor as to all questions determined therein which are material to a recovery against him in an action for indemnity brought by the indemnitee: 31 C. J. 460, § 60. See *Fenton* v. *Fidelity & Cas. Co.,* 36 Or. 283 (56 Pac. 1096, 48 L. R. A. 770); *Astoria* v. *Astoria & Col. Riv. R. R. Co.,* 67 Or. 538 (136 Pac. 645, 49 L. R. A. (N. S.) 404).

The judgment of the lower court is reversed and the cause will be remanded, with directions to sustain the demurrer and to take such further proceedings as may be deemed proper not inconsistent herewith.

REVERSED AND REMANDED.

RAND, C. J., and BROWN and BELT, JJ., concur.