Argued September 10, affirmed October 23, 1968

# BENEDICT et ux, *Respondents, v.*
# BRESHEARS, *Appellant.*
### 446 P. 2d 127

*Richard A. Seideman,* Salem, argued the cause for appellant. With him on the briefs were Crawford, Garrett & Webb, Salem.

*John A. Bryan,* Salem, argued the cause for respondent. With him on the brief were DeArmond, Sherman & Barber, Salem.

Before PERRY, Chief Justice, and O'CONNELL, DENECKE, LUSK and MENGLER, Justices.

DENECKE, J.

The plaintiffs borrowed money from the Clarks, evidenced by a note. Subsequently, the defendant assumed such obligation and agreed to pay the balance in installments as provided in the note. The Clarks subsequently contended that the payments were in default and brought an action against the plaintiffs. Although the plaintiffs contested the Clark's claim, judgment was entered for the Clarks and against the plaintiffs for the balance owing on the note and costs and attorney's fees. The plaintiff brought the instant action against the defendant Breshears for those amounts. The court directed a verdict for the plaintiffs, and the defendant appeals from the judgment entered thereon.

After the Clarks filed their action against the plaintiffs, the plaintiffs wrote the defendant demanding "* * * that you undertake to defend the above entitled action at your expense. Should you fail to defend the above entitled action on behalf of Mr. and Mrs. Benedict * * *." The defendant filed a motion to intervene in the action by the Clarks against the plaintiff, denied the Clark's allegation that the installments had not been timely paid; and tendered the amounts of certain installments. The motion to intervene was denied.

In the present case the defendant admitted that he had assumed payment of the note; however, he alleged timely payment to Clark's agent or, in the alternative, that the Clarks were estopped from claiming that the payments were not timely as they had previously accepted late payments. The trial court refused to allow the defendant to introduce any evidence in support of such allegations for the reason that the defendant was bound by the judgment in the

action of *Clark v. Benedict* that payments were in default and the entire balance due.

*Estep v. Bailey,* 94 Or 59, 68-69, 185 P 227 (1919), states the universal principle of law:

"* * * Where a party against whom an ultimate liability is claimed is fairly and fully notified of the claim, and that the action is pending and given full opportunity to defend or to participate in the defense, if he then neglects or refuses to make any defense he may claim to have, the judgment will bind him in the same way and to the same extent as if he had been made party to the record: * * *." See *Corvallis etc. R. Co. v. Portland etc. Ry. Co.,* 84 Or 524, 542, 163 P 1173 (1917); *Riggs v. New Jersey etc. Plate Glass Co.,* 126 Or 404, 416, 270 P 479 (1928).

The defendant does not disagree with this principle, but contends it is not applicable because he attempted to defend by intervening and was denied the opportunity and, therefore, should not be bound by findings in a proceeding in which he was not and could not be a party. He cites *People's Bank v. Barrett,* 219 Ala 258, 121 S 910 (1929), in which the court held that a party was not bound by a prior judgment because she was denied the right to intervene in the proceeding culminating in the judgment.

The error in defendant's position is that he equates the right to intervene with the right to defend and they are not the same. In some instances such as that present in *People's Bank v. Barrett,* supra (219 Ala 258), one may not be able to present his contentions unless he is made a named party in the lawsuit. However, in the instant case intervention was not necessary to permit the defendant to defend. The plaintiffs asked the defendant to defend on their behalf

against the Clark's action. If the defendant had done so the Benedicts would remain the sole party defendant; however, their defense would be controlled by the defendant.

The Restatement states the reason for the rule as follows:

> "* * * On the other hand, since by hypothesis his [the indemnitor's] is the ultimate liability, it is fair that the indemnitee should be able to throw off the burden of the trial and that the indemnitor should respond to a request for assistance by the indemnitee. If he fails to give this assistance at the time when it is of greatest importance, it is fair that he should abide by the result of the trial. * * *" Restatement 514, Judgments § 107. Accord, *Jennings v. United States,* 374 F2d 983, 986 (4th Cir 1967).

Affirmed.