(121 So. 25)

METROPOLITAN CASUALTY INS. CO. OF NEW YORK v. BLUE. (3 Div. 874.)

Supreme Court of Alabama. March 21, 1929.

Ball & Ball, of Montgomery, for appellant.

Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellee.

FOSTER, J. ■ The claim first to be considered here is that there is no judgment against Tullis; that he is the "assured" under clause 5; that Haltiwanger was not the assured under such policy. This question was before the Supreme Court of Connecticut, where the clauses of the policy were in the language of the one we are considering. Dickinson v. Maryland Cas. Co., 101 Conn. 369, 125 A. 866, 41 A. L. R. 500. That court held that when the assured permitted his car to be used by another, and while so being used a third person was injured, and he recovered a judgment against the operator of the car, he could also maintain suit and recover against the insurance carrier, and the operator of the car became the assured. This principle was recognized, but the facts did not justify its application, in Whitney v. Employers Indemnity Corp., 200 Iowa, 25, 202 N. W. 236, 41 A. L. R. 495; Fullerton v. U. S. Cas. Co., 184 Iowa, 219, 167 N. W. 700, 6 A. L. R. 367, note 377; 3 Blashfield Cyc. of Auto Law, page 2636.

It is our judgment that the conclusion reached accords with a proper interpretation of the policy. In such event, the operator of the car, doing so by permission, becomes an assured within the meaning of its terms.

■ Appellant also insists that the clause in question only applies to personal injuries. The language and context of the quoted clauses show a different intent in this connection from that of such clauses as are set out in our Code sections 8376, 8377. Such Code sections only apply to bodily injuries. But the instant suit is not based upon the sections referred to, but is based upon the clauses of the policy which we have herein quoted. The Code sections would not support this suit. They provide a different remedy based upon bodily injuries only. The policy provisions do not limit the right here sought to be invoked to one sustaining bodily injuries. They use the words "injured party" as having the right to sue, yet clause 5 refers to the damages available as being "for injuries sustained *or loss occasioned* during the life of this policy." If the word "injuries," as there appears, should be held to mean "personal" injuries, the words "loss occasioned" must refer to injuries other than personal. We do not find that a different interpretation has been placed upon this clause in the authorities. On the other hand, other terms of the policy show the coverage embraces injuries to property (b) as well as injuries to persons (a) with a different limit of liability for each. Such interpretation is given this situation by the Court of Appeals of Kentucky. Metropolitan Casualty Co. of New York v. Albritton, 214 Ky. 16, 282 S. W. 187.

■■ Appellant also claims that insolvency or bankruptcy as the cause of the return of no property found on execution has not been shown. "Insolvency or bankruptcy," as provided in said clause 5, "refer to insured's financial ability to pay a judgment against him, rather than an adjudication of insolvency or bankruptcy." U. S. F. & G. Co. v. Williams, 148 Md. 289, 129 A. 660; 3 Blashfield's Cyc. of Auto Law, p. 2661; Miller v. Union Indemnity Co., 209 App. Div. 455, 204 N. Y. S. 730; Weiss v. N. J. F. & P. G. Ins. Co., 131 Misc. Rep. 836, 228 N. Y. S 314.

Some of the authorities support the view that a prima facie showing of insolvency is made by a return of nulla bona on the execution by the sheriff. Weiss v. N. J. F. & P. Co., supra. Others hold that such return standing alone is not sufficient where it is a controverted question, though it was held sufficiently proven by additional evidence that insured was unable to pay the judgment. U. S. F. & G. Co. v. Williams, supra. On this subject Tullis testified that Haltiwanger was a brother of his wife; that he had known him about 20 years, and knew fairly well his financial condition; that he does not think he has anything, and had no property that he ever heard of, and was in debt. We think this sufficient evidence, in the absence of anything to the contrary, that Haltiwanger was insolvent within the meaning of clause 5, and that execution was returned unsatisfied for that reason.

■ Appellant claims that the judgment against Haltiwanger is invalid because there was no service upon him. The record does not show service. But there was a general ap-

pearance by appellant's counsel for him. They claim this was without authority, and sought to withdraw such appearance for want of such authority, although Haltiwanger always admitted this authority. The right was denied by the court. There is therefore a judgment by a court of general jurisdiction, showing jurisdiction of the subject-matter and of the person of defendant. Appellant is making a collateral attack on such judgment, but the defendant therein is not complaining. Under these circumstances the judgment will withstand such attack, and "matters dehors the record cannot be considered for the purpose of impeaching its validity" (White v. Simpson, 124 Ala. 238, 27 So. 297); and "unless the record itself shows that the court never acquired jurisdiction of him, it will be conclusively presumed that the jurisdiction did attach" (Roman v. Morgan, 162 Ala. 133, 139, 50 So. 273, 275; 1 Black on Judgments [2d Ed.] § 273; Johnson v. Johnson, 182 Ala. 376, 62 So. 706).

■ Counsel who made such appearance for Haltiwanger were counsel for and appeared to defend the case in the interest of appellant by virtue of the obligations of said policy. Appellant therefore cannot complain that Haltiwanger did not authorize the appearance, when he is not complaining. The question here is the effect of the judgment as respects the rights of appellant, not those of Haltiwanger. The situation was produced by counsel for appellant.

■■ The policy also contained the usual co-operation clauses as follows: "Whenever requested by the company, the assured shall aid in securing information, evidence and the attendance of witnesses in effecting settlement and in defending suits hereinbefore referred to. The assured shall at all times render to the company all reasonable co-operation and assistance." This clause is not affected by sections 8376, 8377. It is controlled rather by the terms of clause 5 above. (We have shown that the conditions alleged do not justify a suit under said Code sections.) It is of the same binding effect upon Haltiwanger as upon Tullis, as the former is an assured by express words of extension. The insolvency clause above copied extends the right of action to the injured party, only *under the terms of the policy*. The appellate courts of New York, Maryland, Ohio, and Maine have held that in a suit on a policy with such a clause, when the injured party is the plaintiff, the insurer may assert any defense which it could assert in a suit by the assured as plaintiff. Weiss v. N. J. F. & P. G. Ins. Co., supra; Schoenfeld v. New Jersey F. & P. G. Ins. Co., 203 App. Div. 796, 197 N. Y. S. 606; Roth v. Nat. Auto. M. C. Co., 202 App. Div. 667, 195 N. Y. S. 858; Coleman v. New Amsterdam C. Co., 126 Misc. Rep. 380, 213 N. Y. S. 522; Hermance v. Globe Indemnity Co., 221 App. Div. 394, 223 N. Y. S. 93; U. S. F. & G. Co. v. Williams,

(Md.) supra; Rohlf v. Great Am. M. Ind. Co., 27 Ohio App. 208, 161 N. E. 232; Bassi v. Bassi, 165 Minn. 100, 205 N. W. 947. Whereas under the same circumstances, and construing a clause in the same language as that we are considering, the Court of Appeals of Kentucky held, in the case of Metropolitan Cas. Ins. Co. of N. Y. v. Albritton, 214 Ky. 16, 282 S. W. 187, that the injured party had a cause of action which could not be defeated by the assured.

■ It seems to us, however, in view of the language of the clause 5 (the insolvency proviso) that the injured party may maintain an action such as this *under the terms of the policy*, but that when the insurer is unable to make a defense, with the expectation of a fair presentation thereof, without the co-operation of the assured, a lack of co-operation without legal excuse or collusion, and in some material respect when needed, and not waived by the insurer (Miller v. Union Indemnity Co., supra; N. Y. Con. R. Co. v. Mass. B. & Ins. Co., 193 App. Div. 438, 184 N. Y. S. 243; U. S. F. & C. Co. v. Williams, supra; Bradly v. Ill. Auto Ins. Co., 227 Ill. App. 572; 3 Blashfield Cyc. of Auto Law, p. 2654), should be and we hold is a good defense. There is no question of waiver presented on this appeal.

■ What constitutes a failure of co-operation by the assured is usually a question of fact. Coleman v. New Amsterdam C. Co., supra. The case was tried in the circuit court without a jury, and on a plea of the general issue with leave to give in evidence in defense any matter that might be specially pleaded. The circuit court rendered judgment for the plaintiff thereby in effect holding that there was no want of co-operation, or that such failure was no defense. While failure of co-operation is a question of fact, and the case was tried by the court without a jury, the evidence as to such failure was not materially in dispute, and largely in writing, and it is therefore a question of the proper inference to be drawn from such evidence rather than its credibility. In an effort to draw a proper inference, we think it would be helpful to refer to some of the adjudged cases on the subject. In the case of Coleman v. New Amsterdam C. Co., supra, the court used this language: "While the meaning of 'co-operation' cannot be expanded to include assistance in a sham defense, it cannot be contracted to *exclude a fair statement of the facts of the case*. The insurer has a right as a matter of law to know from the assured the facts upon which the injured asserts his claim, in order to determine for itself whether it should contest or attempt to settle the claim." (Italics supplied.)

The following is taken from the case of U. S. F. & G. Co. v. Williams, supra (Md.): "The record does not disclose any act of Price which had or could have had any effect upon the jury which induced them or in any

way caused them to render the verdict against himself. There is no evidence in the record that Price refused to testify in his own defense or that his testimony varied in any manner from the statement which he had previously given to the appellant as to the manner and cause of the accident." Held no breach occurred.

In U. S. Casualty Co. v. Drew, 5 F.(2d) 498 (C. C. A. of Cal.) we find the following "Reference is made to testimony of one of the attorneys who were conducting the defense in that court, who said that the defendant in error never spoke to him about the case during the entire trial, and never assisted him. But he did not testify that he ever called upon the defendant in error for assistance, nor did he testify to anything that the latter could have done to assist him."

· The following is taken from Rohlf v. Gr. Am. Mut. Indemnity Co., supra (Ohio): "We think the finding of the trial court is sustained by the overwhelming weight of the evidence. Indeed, it is impossible to read the record in this case without finding that there was deliberate and premeditated, evasion on the part, of Chapman of the duties he owed to the company to co-operate in the defense, as required by the provisions of the policy. The evidence points very strongly to collusion between° Chapman and his friend Rohlf to enable Rohlf to collect the amount of the claim from the indemnity company. We may concede that the company did not have the right to require him to come to Mansfield from Toledo, but it did have the right to his assistance and co-operation. If the accident happened under the circumstances stated by Chapman when interviewed in Toledo, there was a perfect defense to the claim made by Rohlf."

In the case of Schoenfeld v. N. J. F. & P. G. Co., supra, the assured was the only one possessed of information upon which a perfect defense rested. He made a statement of the facts to insurer showing such defense, and left and went to Russia, and insurer was unable to get his testimony or his assistance in the case or other evidence on the subject. It was held sufficient breach to avoid the policy.

In the case of Bassi v. Bassi, supra (Minn.) the assured refused to aid the insurer in defending the action, willfully misinformed it concerning essential facts, and was engaged in assisting plaintiff to defraud insurer by refusing to testify to the real facts of the accident. The court held such failure was a breach of the contract. Other citations may be given as follows: Roth v. Nat. Auto M. C. Co., supra; Taxicab Motor Co. v. Pac. C. C. Co., 73 Wash. 631, 132 P. 393; Collins' Ex'rs v. Stand. Acc. Ins. Co., 170 Ky. 27, 185 S. W. 112, Ann. Cas. 1917D, 59; 3 Blashfield Cyc. of Auto Law, p. 2653, § 29.

Based upon the evidence, substantially all of which on this subject is set out in the statement of facts, our conclusion is that Haltiwanger, as the "assured," by the terms of the policy, did not give reasonable co-operation and assistance to appellant in defending the suit against him; that appellant was therefore justified in withdrawing from his defense and canceling the protection to him. By authority of section 8599 of the Code, a judgment is here directed for appellant.

Reversed and rendered.

ANDERSON, C. J., and GARDNER and BOULDIN, JJ., concur.