HARRY ROCKMISS, PLAINTIFF-RESPONDENT, v. NEW JERSEY MANUFACTURERS ASSOCIATION FIRE INSURANCE COMPANY AND NEW JERSEY MANUFACTURERS CASUALTY INSURANCE COMPANY, DEFENDANTS-APPELLANTS.

Submitted October 27, 1933—Decided January 5, 1934.

For the appellants, *Kellogg & Chance*.

For the respondent, *Heine & Laird* (*Charles J. Molloy*, of counsel).

The opinion of the court was delivered by

HEHER, J.  Plaintiff herein suffered physical injuries and property damage by reason of the negligent operation of a motor vehicle owned by one Martin, and recovered judgments for the damages sustained.  His efforts to obtain from Martin satisfaction of the judgments were unavailing, and he instituted this action to recover the judgment debts from Martin's insurers.  Recoveries were sought from appellant, New Jersey Manufacturers Association Fire Insurance Company, on a policy covering property damage, and from appellant, New Jersey Manufacturers Casualty Insurance Company, on a policy covering loss or damage resulting from bodily injury or death suffered by others, and occasioned by the use of the automobile covered by the policies.  The answer alleged that Martin had, subsequent to the occurrence

which occasioned the injuries, breached the conditions of the policies, and that, in consequence thereof, appellants were relieved from all liability thereon, either to the insured or to any person who suffered injury by reason of the use of the automobile covered by the policies. The answer was struck out, and summary judgments for plaintiff entered. Defendants appeal from these judgments.

The answer specified the conditions breached as those "which required him to render co-operation and assistance in defending against claims and in adjusting and minimizing loss or damage, and which provided that the assured shall not commit or attempt any fraud or false swearing touching any matter relating to the insurance provided by said policies, or the subject thereof, either before or after loss."

This is, in substance, the single defense interposed by the answer. If Martin did not breach the contract in the particulars specified, appellants are concededly severally liable to respondent upon the policies issued by them, respectively. Respondent moved to strike out the answer upon the ground "that it is sham or frivolous." Assuming that the answer, in respect of each policy, properly and effectively pleaded a breach of the conditions that would deprive Martin of a right of action thereunder, the proofs submitted by appellants on this motion disclosed that it is patently sham, and upon that ground was properly struck.

The case presented by appellants follows: The happening, in which respondent suffered injury, occurred on January 9th, 1932. Three days later Martin, by letter, advised appellants of the occurrence. Therein he gave a detailed explanation of the event, which tended to exculpate him from negligent conduct. The statement contained the following question and answer: "Assured's speed 30 m. p. h." Appellants insist that, relying upon the truth of these statements, they concluded "that no claim could arise against" Martin, and therefore they "made no investigation and took no other steps for the protection of themselves or the said Martin." On January 28th, 1932, respondent instituted suit against Martin in the Second District Court of Paterson, to recover

the property damage sustained. Appellants were duly notified of the commencement of this action, and on February 5th, 1932, caused an appearance on Martin's behalf to be entered by its counsel. On that day Martin made a further statement, in writing, to appellants' counsel. Therein he said that the first statement did not contain a true version of the occurrence; that, inasmuch as suit had been instituted, he desired to give appellants "a true statement of all the facts, so that they may be guided accordingly;" that in order to keep an appointment, he was, at the time in question, "going no less than forty-five miles an hour, and I really think faster than that." He explained that he refrained from giving this information to appellants at the time of the first statement in order to avoid "difficulty with the motor vehicle department." On February 16th, 1932, appellant's counsel withdrew its appearance in the action, and on February 24th, 1932, appellant New Jersey Manufacturers Association Fire Insurance Company disclaimed liability upon the policy. The action was not tried until July 20th, 1932. On June 15th, 1932, respondent instituted his action in the same District Court to recover damages for the bodily injuries sustained. Appellant New Jersey Manufacturers Casualty Insurance Company promptly disclaimed liability on this policy, and refused to undertake the defense of the action. The prejudice which it is claimed resulted to appellants, by reason of the false statements made by Martin at the outset, is stated by appellants' general attorney, in the affidavit it submitted by him, as follows: "It is the belief of this deponent that * * * the failure of these defendants [appellants] to conduct a complete investigation of the alleged accident because of their reliance upon those statements, deprived them of the opportunity of making an advantageous settlement of the claim, caused additional and unnecessary costs to be incurred, and otherwise made them become potentialy liable to financial loss."

It is a firmly established rule of construction that policies of insurance will be liberally construed to uphold the contract, and conditions contained in them which create forfeitures will be construed most strongly against the insurer and will

never be extended beyond the strict words of the policy. The court will never seek for a construction of a forfeiture clause in a policy which will sustain it, if one which will defeat it is reasonably deducible from the terms and words used to express it. · *Melick* v. *Metropolitan Insurance Co.*, 84 *N. J. L.* 437; *affirmed*, 85 *Id.* 727; *Carson* v. *Jersey City Insurance Co.*, 43 *Id.* 300; *Hampton* v. *Hartford Fire Insurance Co.*, 65 *Id.* 265; *Precipio* v. *Insurance Company of Pennsylvania*, 103 *Id.* 589.

The duty imposed upon the insured, by the policy pro-·visions alleged in the answer to have been breached, was to render to the insurer co-operation and assistance in defending "against claims of liability, and in adjusting and minimizing loss or damage" thereunder, and not to "commit or attempt any fraud or false swearing touching any matter relating to this insurance, or the subject thereof, whether before or after the loss." Concededly, the insured did not "commit or attempt false swearing." Nor was there any proof of a failure to comply with the provisions of the policies requiring the insured to co-operate and assist in defending against the claims presented, and in adjusting and minimizing the loss or damage, and to abstain from fraud. The undisputed evidence is that there was compliance with these provisions of the policies, fairly and reasonably interpreted. The insured is not accused of collusion with respondent in an effort to impose a fraudulent claim upon the insurer. It is not claimed that his second statement is tainted with falsity. On the contrary, appellants contend that they suffered detriment and injury by reason of the untruthful version of the occurrence given in the first statement. There was clearly a substantial compliance with the provisions in question. The insured did not refuse to lend co-operation and assistance to the insurer in meeting the claims of liability. His version of the occurrence contained in the first statement tended to exculpate him from negligence. It cannot be said that this denotes a failure to co-operate and assist the insurer in making a defense, or a purpose to perpetrate a fraud. Rather the reverse is the case. The insured thereby evinced a willingness and purpose to

co-operate with and assist the insurer in resisting the claims for damages asserted by plaintiff. He was admittedly seeking to exculpate himself from blame in order to avoid the personal consequences of his wrongdoing, and in so doing he was extending aid and co-operation to which the insurers were not entitled. The conduct complained of is not within the letter or spirit of this clause of the contracts. If appellants' construction be adopted, the policyholder who denied negligence, and persisted in the denial until found guilty by a jury, would furnish grounds for avoidance. An adverse verdict would work a forfeiture.

And it cannot be said that, in rendering a statement false in the particulars mentioned, the insured, under the circumstances here existing, withheld the co-operation and assistance in adjusting and minimizing the loss or damage sustained required by the terms of the policy. Construing this clause most strongly against the insurer, it merely requires such aid and assistance as the assured may be able to render in effecting an adjustment of the claim covered by the policy, and in minimizing the loss sustained by the insured thereunder. The criticised conduct of the insured in the instant case is not within the intendment of that clause. Admittedly, it was not his duty, of his own volition, to negotiate for an adjustment of the loss. Nor was it his privilege to do so, if he chose. He was bound to refrain from efforts to effect a settlement unless requested to do so by the insurers, and such a request was not made. This is the scope and effect of this particular clause.

But if the withholding of the facts from the insurers, and the lulling of them into a sense of security in respect of liability, be held to be within the intendment of this clause, there was in the instant case a substantial compliance with its terms. When the first action was instituted, the insurers were given a correct statement of the facts. Admittedly, they had ample time to investigate and prepare for trial, or adjust the claims if that were deemed the preferable course. They suffered no detriment or injury by reason of this alleged breach of the provisions of the contracts. The affidavit of the general attorney merely states that it is his "belief" that they were

thereby deprived of the opportunity of making an advantageous settlement of the claim. This claim is without substance. There is nothing to justify the inference that the comparatively slight delay operated to disadvantage the insurers in adjusting the claims. It is also asserted by the general attorney that the failure of the insurers to conduct a complete investigation, prompted by its acceptance of the insured's first statement, "caused additional and unnecessary costs to be incurred." If costs were thereby incurred they were susceptible of proof. They were not proved, and this statement in the affidavit must, therefore, be rejected. The proofs indisputably show that the insured substantially complied with the stated conditions of the policies, and that, in any event, the delay in advising the insurers of the facts did not result in the substantial impairment of any of their policy rights, or any detriment or injury, and, therefore, will not be permitted to work a forfeiture. The policies were not made a part of the state of the case, and the excerpts taken therefrom do not contain a provision that a breach of the so-called conditions shall provide grounds for forfeiture, or that compliance therewith is a condition precedent to recovery. Forfeitures by implication or by construction, not compelled by express requirements, are regarded with disfavor. *Melick* v. *Metropolitan Insurance Co., supra; Hampton* v. *Hartford Fire Insurance Co., supra; Elberton Cotton Mills* v. *Indemnity Insurance Co.,* 108 *Conn.* 707; 145 *Atl. Rep.* 33; 62 *A. L. R.* 926.

It is also suggested that the insured did not comply with another provision of the policies that required him, upon the occurrence of an injury, "to forward immediately written notice thereof with the fullest information obtainable at the time" to the insurers. But assuming, without deciding, that the insured, in the furnishing of the first statement, violated this provision of the policy, appellants cannot take advantage of the breach. A breach of this provision of the policy was not pleaded in the answer. If the provision in question is a condition at all, it is a condition subsequent, and is a matter of defense, which, together with its breach, must be pleaded

by the insurer to be available as a means of defeating a recovery on the policy; and the burden of establishing the defense, if controverted, is, of course, upon the party pleading it. *Center Garage Co.* v. *Columbia Insurance Co.,* 98 *N. J. L.* 456.

The answer is therefore sham, and was properly struck out. *Milberg* v. *Keuthe,* 98 *N. J. L.* 779.

Judgments affirmed, with costs.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, TRENCHARD, PARKER, LLOYD, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 16.

*For reversal*—None.