172 So. 671

**EMPLOYERS INS. CO. OF ALABAMA, Inc., v. BROCK.**

**6 Div. 12.**

Supreme Court of Alabama.

Jan. 14, 1937.

Rehearing Denied March 4, 1937.

552

H. M. Abercrombie, Jarrett Abercrombie, and Edgar Allen, all of Birmingham, for appellee.

J. Chandler Burton, of Birmingham, for appellant.

THOMAS, Justice.

The appeal challenges the action of the trial court in transferring the cause to the equity side of the docket of the circuit court, the admission of correspondence with assured, and the rendition of final decree for complainant.

The suit was brought at law and prosecuted in equity under sections 8376, 8377 of the Code 1923. American Fidelity & Casualty Co. v. Werfel et al., 230 Ala. 552, 162 So. 103; Gen. Acts 1935, p. 777; United States Fidelity & Guaranty Co. v. Hearn et al., ante, p. 31, 170 So. 59.

■ The trial court hearing the call of the law docket, ordered the removal of the cause to the equity side of the docket, to which exception was taken. When a transfer is made, the ruling may be reviewed on appeal from the final judgment. Code 1923, §§ 6487 and 6491; Meadows et al. v. Birmingham Federal Savings Loan Soc., 232 Ala. 3, 166 So. 53; Pearson v. City of Birmingham, 210 Ala. 296, 97 So. 916; Ex parte State ex rel. C. M. King, ante, p. 318, 171 So. 892. When the transfer is denied, it may be reviewed only by mandamus. Ex parte Holzer, 219 Ala. 431, 122 So. 421. An examination of the record shows no error in ordering the transfer of the cause to the equity side of the court.

■ Issues to be tried were whether the judgment in question against Mohl was within the coverage of the policy, and whether the correspondence in question was properly before the court. The question of authority of counsel to appear in the case of Brock v. Mohl and whether there was a waiver after knowledge of the alleged non-co-operation, insisted on by respondent-appellant, was a question of fact for the trial court. American Fidelity & Casualty Co. v. Werfel et al.; United States Fidelity & Guaranty Co. v. Hearn et al., supra.

■ The evidence was taken orally in court before the judge rendering the decree, and the attending presumptions prevail. Andrews et al. v. Grey, 199 Ala. 152, 74 So. 62; Hodge et al. v. Joy et al., 207 Ala. 198, 92 So. 171; Lee v. Macon County Bank et al., ante, p. 522, 172 So. 662.

■ The right of appellee to the insurance moneys is secured by sections 8376, 8377 of the Code 1923, and the decisions of this court construing such statutes. George v. Employers' Liability Assur. Corporation, Limited, of London, England, et al., 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438; Metropolitan Casualty Ins. Co. of New York v. Blue, 219 Ala. 37, 121 So. 25; Continental Auto Ins. Underwriters v. Menuskin et al., 222 Ala. 370, 132 So. 883. These statutes were read into, and became a part of the contract of insurance in American Fidelity & Casualty Co. v. Werfel et al., 230 Ala. 552, 162 So. 103.

This court, in Globe Indemnity Co. v. Martin, 214 Ala. 646, 108 So. 761, cited with approval the case of Lorando v. Gethro, 228 Mass. 181, 117 N.E. 185, 1 A.L.R. 1374, 1378, where Chief Justice Rugg of the Massachusetts Supreme Court, in construing statutes which appear to be substantial reproductions of those here dealt with, said:

"The second section [Stat. 1914, chap. 464, §§ 1 and 2] establishes a temporary lien in favor of one, who has put the damages, resulting to him from the casualty insured against, in the form of a judgment, on the amount due under the policy as between the insured and the insurer. It also affords him the usual remedies of a judgment creditor (Rioux v. Cronin, 222 Mass. 131, 109 N.E. 898), or the special equitable attachment provided by R.L. c. 159, § 3, cl. 7." 228 Mass. 181, 117 N.E. 185, 188, 1 A.L.R. page 1378.

■ At the trial the simple negligence count was submitted and the jury duly instructed in the oral charge as to such issue and damages. The damages recovered were within the terms of the policy construed in the Werfel Case, supra.

■ We have indicated that the defense was whether or not Mohl had breached the co-operation clause of the policy, and hence there was no liability on the part of appellant under its policy issued to Mohl. We have carefully examined the evidence, and find no substantial lack of co-operation on the part of the assured Mohl. What constituted co-operation or a material failure in that behalf was a question of fact passed upon by the trial court. Metropolitan Casualty Ins. Co. of New York v. Blue, supra; Blackwood v. Maryland Casualty Co., 24 Ala.App. 527, 137 So. 467. The question of waiver after knowledge of all the facts was considered in the cases of Doolan v. United States Fidelity & Guaranty Co., 85 N.H. 531, 161 A. 39, and Globe Mutual Life Insurance Company of New York v. Wolff, Ex'r, 95 U.S. 326, 24 L.Ed. 387. The burden of proof to establish nonco-operation rested upon the assurer. United States Fidelity & Guaranty Co. v. Remond et al., 221 Ala. 349, 129 So. 15. At the trial the court had the benefit of Mohl's testimony tending to corroborate the theory of appellant-insurer that the car was being driven by the appellee and plaintiff in the suit at law against Mohl. George v. Employers' Liability Assur. Corporation,

Limited, of London, England, et al., 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438.

We have further examined the record as to the fact that the company continued the defense of the suit at law by its agents and attorney, without a withdrawal therefrom, and with full knowledge of the fact that Mohl would not appear in court in person, but that his evidence was given by depositions.

We hold that the judgment of the circuit court, in equity, is free from error and is affirmed.

Affirmed.

ANDERSON, C. J., and BROWN and KNIGHT, JJ., concur.