33 So.2d 3

**EMPLOYERS INS. CO. OF ALABAMA v. BROOKS et al.**

4 Div. 459.

Supreme Court of Alabama.

Dec. 18, 1947.

Jackson, Rives & Pettus, of Birmingham, for appellant.

38

C. L. Rowe, of Elba, for appellees.

FOSTER, Justice.

This is an appeal from a decree refusing to issue a temporary injunction, and denying relief on a petition for a declaratory judgment, both as features of a single decree dated May 1, 1947. An appeal was taken from that decree May 27, 1947.

■ Appellee moves to dismiss the appeal (1) because not taken within ten days, and (2) because it is now moot. As to the first ground of the motion, we observe that the decree from which the appeal is taken is a final decree, and the time for taking the appeal is controlled by the statute applicable to such decree, Title 7, sections 788, 162, not by section 1057, Title 7, Code.

The application for a temporary injunction was heard at the same time the suit was heard on pleadings and proof for final decree. A holding on final decree that complainant is not entitled to relief necessarily disposes of the application for a temporary injunction whose purpose is to enjoin defendants from the further prosecution of certain damage suits at law until the court has had an opportunity to hear and determine the instant bill for a declara-

tory judgment. The appeal properly presented for review the final decree of the court, which is assigned as error.

The motion to dismiss the appeal on the ground that it was not taken in ten days, as required by section 1057, Title 7, supra, cannot be sustained.

Appellee also contends that the appeal should be dismissed because the matter involved has become moot.

■ There were two suits against Lewis J. Brooks, one for the death of a passenger riding with him in his car, and another by others for personal injuries resulting from the same cause as they were riding in another car which collided with that driven by Brooks. This appellant had a liability coverage on the Brooks car, and contended that Brooks had violated the co-operation clause in the policy which justified it in declining to defend those suits for Brooks. To test that question appellant filed this suit in equity for a declaratory judgment. The suits were set and waiting trial in court then sitting, but had not been reached. Since this suit was heard denying relief to appellant those suits have been tried, resulting in judgments for plaintiff: one of which is now pending on appeal in this Court. After the court denied relief, appellant presumably proceeded to defend those suits for Brooks. Appellee claims that the question of whether the contract of insurance bound appellant to make such defense has become moot, since the defense has now been made. But there is also involved the question of whether appellant is bound by the contract to continue to represent Brooks on the appeal from the judgment rendered against him.

On the Merits.

We have noted the nature of this suit and its purpose. Its equity is well supported by our cases and not denied. American Mutual Liability Ins. Co. v. Agricola Furnace Co., 236 Ala. 535, 183 So. 677; United States Fidelity & Guaranty Co. v. Hearn, 233 Ala. 31, 170 So. 59; Auto Mutual Ind. Co. v. Moore, 235 Ala. 426, 179 So. 368. It was heard on pleadings and proof by testimony of witnesses examined ore tenus before the presiding

judge. On the hearing the court found the facts as follows:

"That J. C. Yarbrough, leading counsel for defendant in cases numbers 266, 267 and 268, was employed by complainant in said cases and began his investigation of the same two or three days after the collision occurred on or about 7 August 1946; that on or about 30 August 1936 [?], he interviewed respondent Lewis J. Brooks concerning said collision and then and there took a sworn written statement from said Brooks as to the facts and circumstances surrounding said collision; that he interviewed other witnesses who knew or were thought to know the facts concerning the collision; that suits numbers 266, 267 and 268, were filed on or about 17 January 1947, and that the said leading counsel had notice; that demurrers were filed and ruled on at the February 1947 session of nonjury court at Elba; that after the demurrers were overruled said leading counsel filed pleas; that when the cases were set for trial before a jury said leading counsel caused subpoenas to be issued for 11 persons as witnesses for the defendant in said suits at law; and that said witnesses obeyed said summons and were present in court on Monday, 28 April 1947, and from day to day thereafter, and are now present and ready to give testimony. That said Lewis J Brooks has responded to the request of complainant's counsel for conferences regarding preparation of defense of said suits; that he has been present in court since Monday, 28 April 1947, the date set for trial of said cases; that said Brooks has advised counsel that he will willingly go to the witness stand and testify to the truth concerning the collision and other matters relating to said cases at law.

"The court further finds that upon more or less abstract questions propounded to him by complainant's counsel in said conferences, said Brooks did not exhibit enthusiasm concerning the defense of said suits at law; but that said Brooks has not been called upon by complainant's counsel to obtain the attendance of witnesses, assist in effecting settlement or securing evidence. He has attended all hearings which he has been requested to attend.

"The court therefore finds that * * * Lewis J. Brooks has not violated or breached the conditions of the policy of liability insurance quoted and set out in the bill of complaint, as amended."

And decreed as follows: "It is therefore ordered, adjudged and decreed by the court that the prayer for declaratory judgment contained in said bill of complaint be, and the same is hereby denied, and that temporary restraining order prayed for in said bill of complaint be, and the same is hereby denied."

It is noted that upon the basis of that finding the court denied the prayer for a declaratory judgment. We are of the opinion that it was done on a misconception of the exact form of the decree which should have been rendered on a finding that there had been no breach of the clause in question, but the proper form of decree should have been a declaratory decree that appellant was not thereby relieved from defending the suit.

If the court did not err in finding that there was no breach by Brooks of the co-operation clause, the decree to the extent that it denies relief should be modified so as to make declaration to that effect. If we find that Brooks has violated that clause, the decree should likewise so declare. The finding by the court is not the decree of the court.

This brings us to the question of whether the court was justified in finding as a fact that Brooks did not fail to co-operate as he was required to do under the contract.

On that question there have been many cases in this and other states. Our case of George v. Employers Liability Assur. Corp., 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438, shows a desire to give a reasonable construction to the conduct of insured in that respect. To the same effect are our cases: Metropolitan Casualty Ins. Co. v. Blue, 219 Ala. 37, 121 So. 25; Employers Ins. Co. v. Brock, 233 Ala. 551, 172 So. 671; Indemnity Ins. Co. v. Luquire Funeral Homes Ins. Co., 239 Ala. 362, 194 So. 818. There is a very full annotation on the subject in 72 A.L.R., beginning at page 1448. It is there pointed out, on

**40**

page 1487, that it has been held that it is not a violation of the clause because the assured "evinced the hope" to the attorney for the insurer that the injured party would recover, Riggs v. New Jersey Fidelity & Plate Glass Co. of Newark, N. J., 126 Or. 404, 270 P. 479; and in another case that the fact that insurers' counsel from assured's conversations and actions concluded that assured was hostile to insurer's interest, and was in collusion with the injured person, would not be admissible as tending to prove a failure to co-operate. United States Fidelity & Guaranty Co. v. Williams, 148 Md. 289, 129 A. 660. See other cases noted in 72 A.L.R. 1488 and 1455 and 1477; 98 A.L.R. 1469; 139 A.L.R. 780.

■ There is no evidence of any failure or refusal of Brooks to do anything he was requested to do in aid of the defense. He gave a statement to defendant's counsel as soon after the accident as he was able on account of his own condition. He attended every conference he was requested to attend, and gave all the information he was asked to give. He testified on this hearing. He made no admission of liability and proposed to be present and testify on the trial to the truth of the matters. Whether his sympathy was with the plaintiff, and whether he wanted the widow to recover was outside his duty to co-operate. There was nothing to justify a finding of collusion with plaintiff. Nothing was proven on the trial of this suit which shows that insured did not aid in every way the defense, although he may have thought that plaintiff ought to recover and hoped that she would do so.

It is not material on the question of co-operation what he thought or desired, but what he did or omitted to do or say in aid of the defense in the preparation and trial of the suits against him. So far as the preparation of the case for trial is concerned, and up to the time of hearing this suit and passing on it, he is not shown to have failed to comply with his contract. Subsequent occurrences are not here shown, nor material to the issues here made.

The decree of the court is modified so as to eliminate from it a denial of relief, and to decree that up to the time of the trial of this suit, Brooks, the insured, had not violated the co-operation clause so as to justify appellant as insurer to withdraw from the defense of the damage suits then pending.

Modified and affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.