110 So.2d 290

**ALABAMA FARM BUREAU MUTUAL CASUALTY INS. CO., Inc.**

**v.**

**Charlie TEAGUE et al.**

**4 Div. 954.**

Supreme Court of Alabama.

March 26, 1959.

John W. Rish and W. G. Hardwick, Dothan, for appellees.

Thos. F. Parker, J. Thaddeus Salmon and J. O. Sentell, Jr., Montgomery, and Lee & McInish, Dothan, for appellant.

STAKELY, Justice.

Alabama Farm Bureau Mutual Casualty Insurance Company (appellant) hereinafter referred to as the insurance company, filed its original bill in the circuit court in equity against Charlie Teague and Quay M. Fortner, as administrator of the estate of Luella Teague, deceased, for a declaratory judgment to determine whether or not under the terms and provisions of a liability insurance policy issued by the insurance company to Charlie Teague, covering the operation by Charlie Teague of a half ton pickup Chevrolet truck, owned and operated by Charlie

Teague and described in the aforesaid policy of insurance, the insurance company is legally bound to defend the suit now pending in the circuit court at law in which Quay M. Fortner as administrator of the estate of Luella Teague, deceased, is plaintiff, and the insured in the aforesaid policy, Charlie Teague, is defendant. The basis of the suit at law is the death of Luella Teague, resulting from an accident involving the aforesaid pickup truck while it was being operated by Charlie Teague in which deceased at the time was riding as a guest. The court ordered a temporary injunction pending the final disposition of the instant case enjoining the further prosecution of the suit of Quay M. Fortner, as administrator, etc., against Charlie Teague.

The court adjudged that the insurance company is legally bound by the aforesaid liability insurance policy to defend in behalf of Charlie Teague the law suit which has been referred to and is bound to pay any judgment that may be rendered in the aforesaid suit against Charlie Teague not exceeding $5,000, the amount of the policy coverage. The court further dissolved the temporary injunction issued against the prosecution of the suit hereinabove referred to.

Upon application of the insurance company the court issued an order reinstating the temporary injunction restraining the prosecution of the case at law mentioned above pending this appeal.

I. The insurance company insists that there is no legal liability on its policy because the insured Charlie Teague failed to notify the insurance company in writing of the alleged accidental death of Luella Teague as required by Condition "2" under the general head of "Conditions" as set forth in the policy.

Condition 2 reads as follows:

"Notice of Accident—Coverages A, B, and C. When an accident occurs, written notice shall be given by or on behalf of the insured to the company as soon as practicable. Such notice shall contain particulars sufficient to identify the insured and also reasonably obtainable information respecting the time, place and circumstances of the accident, the names and addresses of the injured and of available witnesses."

The evidence shows that on May 29, 1956, following the accident and the death of Luella Teague on May 26, 1956, Charlie Teague went to the office of the agent of the insurance company and reported the accident to the secretary of the agent of the insurance company, Annie Grace Alley. The secretary testified that she filled out the regular accident report according to the company's usual procedure from information given her by Charlie Teague in answer to her questions. When asked to sign the report Charlie refused saying that he could not read and did not want to sign something he did not understand.

The evidence further shows that on July 1, 1956, Charlie Teague went back to the office of the agent of the insurance company and had a conference with J. P. Walton, the adjuster for the insurance company. At that time Charlie Teague gave the adjuster a statement in detail of the occurrence that resulted in the death of Luella Teague. The adjuster wrote the detailed statement down in longhand as Charlie Teague answered his questions. Upon completing the statement the adjuster read it to Charlie Teague who raised no objections. However, Charlie Teague refused to sign this statement.

Our cases hold that if the policy of insurance provides that notice of loss must be in writing, as where it stipulates for written notice, the requirement is binding upon the insured and the notice must be in writing at least in the absence of waiver or estoppel. Continental Insurance Co. v. Parkes, 142 Ala. 650, 39 So. 204; American Insurance Co. v. Porter, 25 Ala. App. 250, 144 So. 129.

It is argued by appellee that there was compliance with the condition requiring

written notice of loss in the light of the undisputed evidence which showed that on two separate occasions, Charlie Teague gave information amounting to notice of loss to an agent of the insurance company, which information was reduced to writing, once by the secretary of the agent on a regular form for report of an automobile accident, and again by the adjuster who took the information down in longhand. Both of these writings were forwarded to the insurance company by its agent.

We call attention to the fact that there is nothing in the policy of insurance which requires the written notice to be signed by Charlie Teague, the insured.

Condition 2, which has been set out hereinabove, requires that written notice shall be given the company by or on behalf of the insured. In 7 Couch on Insurance, § 1526, it is stated:

"* * * (1) If the policy provides that the insured shall give notice in writing of the loss to the company, then, in the absence of any provision that the notice must be signed by the insured, it is not necessary that he should personally write and sign the notice himself. And it has been held that a written notice of loss to the insurer by the agent of the insurer, at the request of the insured, and upon facts communicated by him, is a sufficient written notice within the meaning of the stipulation. * * *"

It has been stated that the object of the notice of loss is to acquaint the insurance company with the occurrence of a loss so that it may make proper investigation and take such action as may be necessary to protect its interest. Equitable Life Assurance Society v. Foster, 230 Ala. 209, 160 So. 117; 45 C.J.S. Insurance § 981, p. 1182.

The statements of Charlie Teague, the insured, taken and reduced to writing by the agents of the insurance company and forwarded to the insurance company certainly fulfill this object. We conclude that the insured, Charlie Teague, adequately complied with Condition 2 of the policy which required written notice of the accident and loss.

II. It is further insisted by the appellant that the court erred in not finding that Charlie Teague had breached or failed to discharge the duties imposed upon him by Condition 12 of the policy of insurance, which condition reads as follows:

"Assistance and co-operation of the Insured. The Insured shall co-operate with the Company, and, upon the Company's request, shall attend hearings and trials and shall assist in effecting settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of suits * * *"

Our cases hold that what constitutes a failure of co-operation by the assured, under a policy containing a provision such as the one set out above, is a question of fact. Metropolitan Casualty Ins. Co. of N. Y. v. Blue, 219 Ala. 37, 121 So. 25; Employers Ins. Co. of Alabama v. Brock, 233 Ala. 551, 172 So. 671.

The testimony in this case was taken before a commissioner and submitted to the trial court. Accordingly, we must weigh and consider the evidence de novo and arrive at a conclusion without the aid of any presumption in favor of the findings of the trial court on the issues of fact presented. Foster v. Foster, 267 Ala. 90, 100 So.2d 19; Dunn v. Cambron, 268 Ala. 651, 109 So. 2d 705.

In the case of George v. Employers' Liability Assurance Corp., 219 Ala. 307, 122 So. 175, 176, 72 A.L.R. 1438, this court said.

"In order to constitute a breach of the provisions of said policy in the respect claimed, there must be a lack of co-operation in some substantial and material respect."

On the evidence before us we do not think that there was a failure of insured, Charlie Teague, to co-operate with the in-

surance company in any substantial or material respect. He reported the accident and death very soon after their occurrence. He went to the office of the adjuster of the insurance company on two different occasions for the purpose of reporting the accident and on each occasion gave details of the accident freely in answer to questions asked him. The only request of the insurance company with which Charlie Teague refused to comply was the request that he sign the accident report statements. He gave as his reason for so refusing the fact that he couldn't read and he wanted to talk to some one and have the statements explained. As we have heretofore pointed out, the requirement for "written notice of loss" contained in the policy was sufficiently complied with by the insured, Charlie Teague. Accordingly, his refusal to sign the statements would be an immaterial fact.

III. It is further insisted that the insured breached the co-operation clause of the policy in that "he sought and followed the advice of the attorney for the adverse party." In the absence of any evidence of collusion, we do not consider that the mere fact that Charlie Teague sought the advice of an attorney representing the opposing party should be held a breach of the "co-operation clause" of the policy. In referring to the attorney Charlie Teague testified, "He didn't tell me anything, only don't sign nothing that you don't know." We do not consider that there was any proof of any collusion on the part of the insured, Charlie Teague, and the attorney for the plaintiff.

It is also argued that the fact that the insured, Charlie Teague, was admittedly sympathetic to the opposing party in the suit at law against him and that he evinced the hope that the opposing party would recover, amounted to a breach of the "co-operation clause." The proof showed that Luella Teague, who was killed in the accident, was the wife of the son of Charlie Teague, who was not able to bury his wife and that Charlie Teague borrowed $468.10 from his landlord to pay for the funeral of his son's wife and that Charlie Teague thought that under the policy he was entitled to be reimbursed for that sum. His inherent sympathy with the plaintiff is not controlling. State Farm Mutual Auto Ins. Co. v. Sharpton, 259 Ala. 386, 66 So.2d 915. As we have shown there must be a lack of co-operation in some substantial and material respect.

This court in the case of Employers Ins. Co. v. Brooks, 250 Ala. 36, 33 So.2d 3, 5, said:

"This brings us to the question of whether the court was justified in finding as a fact that Brooks did not fail to co-operate as he was required to do under the contract.

"On that question there have been many cases in this and other states. Our case of George v. Employers Liability Assur. Corp., 219 Ala. 307, 122 So. 175, 72 A.L.R. 1438, shows a desire to give a reasonable construction to the conduct of insured in that respect. To the same effect are our cases: Metropolitan Casualty Ins. Co. v. Blue, 219 Ala. 37, 121 So. 25; Employers Ins. Co. v. Brock, 233 Ala. 551, 172 So. 671; Indemnity Ins. Co. v. Luquire Funeral Homes Ins. Co., 239 Ala. 362, 194 So. 818. There is a very full annotation on the subject in 72 A.L.R., beginning at page 1448. It is there pointed out, on page 1487, that it has been held that it is not a violation of the clause because the assured 'evinced the hope' to the attorney for the insurer that the injured party would recover, Riggs v. New Jersey Fidelity & Plate Glass Co. of Newark, N. J., 126 Or. 404, 270 P. 479; and in another case that the fact that insurers' counsel from assured's conversations and actions concluded that assured was hostile to insurer's interest, and was in collusion with the injured person, would not be admissible as tending to prove a failure to co-operate.

58

United States Fidelity & Guaranty Co. v. Williams, 148 Md. 289, 129 A. 660. See other cases noted in 72 A.L.R. 1488 and 1455 and 1477; 98 A.L.R. 1469; 139 A.L.R. 780."

We conclude from the foregoing that Charlie Teague, the insured, did not breach the conditions of the policy so as to allow the insurance company to withdraw from the defense of suit filed against him by Quay M. Fortner, as administrator of the estate of Luella Teague, deceased, which has been heretofore referred to.

It results that the decree of the lower court was correct and should be affirmed.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.