194 So.2d 838

GENERAL MUTUAL INSURANCE COMPANY

v.

Lloyd DENNIS et al.

5 Div. 831.

Supreme Court of Alabama.

Jan. 26, 1967.

Rehearing Denied March 2, 1967.

Thos. F. Parker and Nelson Burnett, Montgomery, for appellant.

Teel & Teel, Rockford, for appellee, Dennis.

Wilbanks, Wilbanks & Dillon, Alexander City, for appellees, Chastain and First Nat. Bank.

SIMPSON, Justice.

Appellant, General Mutual, filed a bill for declaratory judgment in the court below seeking a judicial declaration that the "Notice and Cooperation" conditions in a policy insuring appellee Lloyd Dennis had been breached by Dennis, thereby absolving Gen-

eral Mutual of its obligation under the policy to defend law suits pending against Dennis on the law side wherein Clarence Chastain and the First National Bank of Alexander City were plaintiffs.

After hearing evidence on the bill the court rendered its decree holding that Dennis was entitled to the protection of the policy and that General Mutual was obligated thereunder to defend the suits pending on the law side. This appeal is from that decree.

The policy in question contained the following provisions:

## "CONDITIONS

"* * *

"3. NOTICE. In the event of an accident, occurence or loss, written notice containing particulars sufficient to identify the insured and also reasonably obtainable information with respect to the time, place and circumstances thereof, and the names and addresses of the injured and of available witnesses, shall be given by or for the insured to the company or any of its authorized agents as soon as practicable.

"* * *

. "5. ASSISTANCE AND COOPERATION OF THE INSURED. The insured shall cooperate with the company and, upon company's request, attend hearings and trials and assist in making settlements, securing and giving evidence, obtaining the attendance of witnesses and in the conduct of any legal proceedings in connection with the subject matter of this insurance. * * * Collusion on the part of the insured, with third parties or their representatives shall be deemed non-cooperation."

It is the appellant's contention that the "notice" provision cited above was breached by its insured in that he failed to honestly and truthfully report the circumstances of the accident.

The circumstances of the accident seem to be this: Dennis and Chastain are brothers-in-law. They agreed early in day of the accident to go fishing and agreed to meet at the fishing site, which required travel over a little narrow, curving dirt road which ran through the woods. Chastain reached the fishing site first, driving an automobile which belonged to the First National Bank of Alexander City. He was coming back from the river en route to get bait when he met Dennis on a sharply curving portion of the dirt road, not more than 15 feet wide. Both Dennis and Chastain testified that as they met on the curve, Dennis scraped the left side of Chastain's automobile and that this caused him to go off the road, down a "bluff" and into a tree. Dennis testified that he was over the center line of the road and was probably going a little too fast for the little road and side-swiped the Chastain car. He made a statement to General Mutual's adjuster to the effect that he felt at fault. Chastain suffered personal injuries.

■■ Appellant bases its contention that the notice provision has been breached on the proposition that there was only the evidence of the two participants in the accident to indicate that there had been a side-swipe at all, that each participant testified that they did not see each other on the day of the accident after they agreed to go fishing, until the accident occurred. Appellant put on a witness who ran a little store who testified that prior to the accident on that day he had seen cars like each participant was driving stop at his store and that they came into the store. Another witness testified that the tracks of Chastain's car indicated that it went off the bluff prior to getting into the curve where the participants indicated that the accident occurred. Appellant states in brief that this evidence "gives substantial weight to the probability that there was no actual impact or collision between the Dennis and Chastain vehicles". There was, however, evidence to the contrary, including photographs of the automobiles showing damage to each. On

disputed questions of fact, it is the province of the trial court to make a decision and not ours to disregard it. Obviously the trial court found that a collision involving the Dennis car had occurred. There is evidence to support this finding and we will not disturb it.

The only further contention raised by appellant is that the trial court erred in its finding that the cooperation clause had not been breached.

In this connection appellant insists that there has been "collusion on the part of the insured, with third parties or their representatives * * *" as expressed in the policy. To support this contention appellant argues that there is evidence that the insured wrote to the insurer and requested that they settle the law suit brought by Chastain within the policy limits. Appellant insists that Chastain's attorney suggested that Dennis write the letter and appellant contends that the attorney prepared the letter in his office for Dennis' signature. The evidence of Dennis is to the contrary. Following is his testimony in this regard:

"Q Has John Dillon [Chastain's attorney] ever contacted you outside of his office?

"A Yes, sir, I met him one day in the hospital, but he wasn't personally looking for me, but, I ran into him in the hospital * * * and he asked me if I was Mr. Dennis, and I said, yes, because Chastain had told him I was coming up to bring his wife, he asked me was I Mr. Dennis and I said yes, and he told me that he was handling Mr. Chastain's case, and that he would be in touch with me. But, I haven't heard any more from him.

"Q He hasn't contacted or discussed the accident with you?

"A No, sir, the only thing he asked Chastain to give me that information, and what, in other words, what to write—.

"Q (Interrupting) Did he write—.

"A (Interrupting) He didn't write that, no, my sister wrote that."

\* \* \* \* \* \*

"Q And you were—did any one help you word that letter?

"A Yes, sir, I tell you, Mr. Chastain had told me that they had reached, I mean that he and his attorney had offered to settle for $6,000.00, and he said, you understand, now, of course, now his lawyer, his attorney had told him what to say, I guess, he says, 'Now you understand that if we have to go to Court, that we are not, that you probably will have to be out some, yourself'. He said, 'In other words, if they don't make a settlement out of court and we take it to court, you will probably have to be out some money yourself, above your liability'. And he says, he told me that his attorney asked him if he would, to keep—in other words, if I didn't have anything but if I wanted my company to protect me in it, to write them that letter there.

"Q In other words, John Dillon sent this word back?

"A That is right.

"Q By Mr. Chastain to you?

"A By Mr. Chastain. As far as me talking to the lawyer, I never did."

Appellant contends that the circumstances surrounding the writing of the letter from Dennis to the insured constitutes collusion between the insured and "third parties" within the meaning of the policy. We have held in the past that:

"Lack of cooperation being an affirmative defense, the burden was upon the insurer to establish such defense. \* \* \* What constitutes a failure of cooperation by an insured is usually a question of fact. \* \* \* The trial court, as trier of fact, and after hearing the witnesses, found no substantial lack of cooperation on the part of \* \* \*, the insured. What constituted a cooperation, or a material failure in that regard was a question of fact passed upon by him." State Farm Mutual Automobile Insurance Co. v. Hanna et al., 277 Ala. 32, 166 So.2d 872 (1964).

We are not prepared to say that the insured's writing a letter to the insurer suggesting that a pending case be settled within the policy limits amounts to collusion and constitutes lack of cooperation, even though the letter has been suggested by the injured third party or his attorney. The insured has, it would seem apparent, more interest in the matter than would the third party, in a case where the insured was solvent. Further, we have held that:

"We do not consider that the mere fact that Charlie Teague [the insured] sought the advice of an attorney representing the opposing party should be held a breach of the 'co-operation clause' of the policy." Alabama Farm Bureau Mutual Casualty Co. v. Teague, 269 Ala. 53, 110 So.2d 290.

Appellant contends that this case is not controlling here since the policy involved stated "collusion on the part of the insured, with third parties or their representatives shall be deemed non-cooperation". Appellant notes that this court has held in the *Teague* case, supra, that we said "in the absence of collusion" the mere fact that the insured sought the advice of the plaintiff's attorney did not amount to non-cooperation.

We think that collusion would always amount to a breach of the cooperation clause in a policy such as this. The problem here is that the appellant has failed to show that there was collusion. Surely, the insured has sufficient interest in the matter to prompt the writing of the letter involved. The mere fact that the suggestion that he

do so came from the plaintiff does not amount to collusion on the part of the insured with the plaintiff.

 The *Teague* case, supra, also notes that the fact that the insured might be sympathetic with the plaintiff is not controlling. The cooperation clause, which the insurer has a perfect right to insist upon, and which will be enforced where the insurer shows that it has been breached, does not mean that friends who are involved in an accident must stop speaking to each other. It simply means that the insured must live up to his obligation under the contract and cooperate with the insurer, and with or without a "collusion" clause, it is inherent in the word "cooperation" as between the insured and the insurer that there be no collusion with the plaintiff. We find no collusion here.

We are at the conclusion that the insistances of appellant are without merit.

Affirmed.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.

On Application for Rehearing

SIMPSON, Justice.

The appellant seems to contend that the opinion heretofore rendered approves communication between an attorney and the opposite party. The language of which appellant complains is as follows:

"We are not prepared to say that the insured's writing a letter to the insurer suggesting that a pending case be settled within the policy limits amounts to collusion and constitutes lack of cooperation, even though the letter has been suggested by the injured third party or his attorney."

It was not the intention of this Court, in writing this decision, to approve any conduct by an attorney which conflicts with the Canons of Professional Ethics of the American Bar Association or the Rules Governing the Conduct of Attorneys adopted by the Alabama State Bar and approved by this Court.

Opinion extended and application for rehearing overruled.

LIVINGSTON, C. J., and MERRILL and HARWOOD, JJ., concur.